STATE OF NORTH CAROLINA v. DOUGLAS WAYNE MORGAN

No. 8830SC1396

(Filed 19 September 1989)

**Narcotics § 1.3— defendant as purchaser of cocaine—conviction for conspiracy to possess cocaine with intent to sell or deliver improper**

Defendant could not be convicted for conspiracy to possess cocaine with intent to sell or deliver because he was the purchaser to whom delivery was to be made and as such could not have had the requisite intent to sell or deliver.

APPEAL by defendant from *Gardner (John Mull), Judge.* Judgment entered 24 August 1988 in Superior Court, JACKSON County. Heard in the Court of Appeals 28 August 1989.

On 7 October 1987 three men in an automobile were stopped by the SBI and arrested for possession of 18.8 grams of cocaine

found in a drink cup in the middle of the front passenger floorboard. The defendant was not in the car. The front passenger, Mr. Kirby Queen, made a plea arrangement with the district attorney's office and said that he had bought the cocaine for the defendant, upon the defendant's request and using the defendant's money. He testified that he gave the money to a seller who delivered the cocaine to another passenger in the car, who in turn delivered it to him. The third passenger, upon a like plea arrangement, also implicated the defendant. At trial the defendant denied having engaged in any drug transactions.

The defendant was indicted for Conspiracy to Possess Cocaine with Intent to Sell or Deliver, and convicted on that charge. G.S. 90-98. Defendant sets forth three assignments of error. Defendant contends 1) that he was deprived of the effective assistance of counsel because counsel failed to move for dismissal at the close of all the evidence, 2) that the State's evidence was insufficient as a matter of law because it did not establish intent to sell or deliver the cocaine on the part of defendant, and 3) that the court admitted prejudicial evidence of previous drug transactions between the conspirators.

*Attorney General Lacy H. Thornburg, by Associate Attorney General David N. Kirkman, for the State.*

*Smith & Queen, by Frank G. Queen, for defendant-appellant.*

LEWIS, Judge.

Defendant contends that he was deprived of effective counsel and the possibility of appellate review because his counsel failed to move to dismiss at the close of the evidence. Appellate Rule 10(b)(3) states that a defendant who fails to so move to dismiss at the close of the evidence may not challenge on appeal the sufficiency of the evidence. In our discretion, we choose to review the sufficiency of the evidence pursuant to Appellate Rule 2.

Defendant contends that he cannot be convicted for conspiracy to possess cocaine with intent to sell or deliver, because he was the purchaser to whom delivery was to be made and as such could not have had the requisite intent to "sell or deliver." The defendant asserts and the State admits that this criminal charge is normally applied to those who conspire to sell or deliver cocaine to a third party, and that there is no precedent for the application of the

STATE v. MORGAN

[95 N.C. App. 639 (1989)]

charge to the purchaser when the purchaser is the one for whom the delivery is intended. Defendant argues that the " 'sale or delivery' called for in the statute is *not* a sale or delivery between conspirators: otherwise, *every* conspiracy to possess would include the element of sale or delivery," thereby undermining the difference between conspiracy to possess and conspiracy to possess with intent to sell or deliver. The two charges are clearly distinguished for purposes of punishment in G.S. 90-95(c) and (d). Defendant adds that "the only logical reading of the statute is that the 'sale or delivery' requirement means an intention to sell or deliver the drug to some other, third person — not a co-conspirator."

The defendant's assignment of error is valid. Had the delivery been executed and defendant received the narcotics, he could not have been charged with Possession with Intent to Deliver or Sell here, for there is no evidence whatever of any such intent. G.S. 90-95. Precedent indicates that "intent to deliver" means intent to deliver to "another," not to receive delivery. *State v. Creason*, 313 N.C. 122, 131, 326 S.E.2d 24, 29 (1985). The offense of possession with intent to sell or deliver has three elements. 1) There must be possession of a substance. 2) The substance must be a controlled substance. 3) There must be intent to distribute or sell. G.S. 90-95, *State v. Casey*, 59 N.C. App. 99, 296 S.E.2d 473 (1982). Had the transaction been completed, it would have been theoretically impossible for defendant in this case to have had both "possession" and "intent to deliver" simultaneously. Where a defendant could not have been charged with Possession with Intent to Sell or Deliver had the act been accomplished, he cannot here be charged with Conspiracy to Possess with Intent to Sell or Deliver. G.S. 90-98. There is no theory of prosecution according to which this defendant can be convicted for the crime with which he is charged. We find this assignment of error valid, and accordingly, reverse. Having so reversed, we decline to consider appellant's additional assignments of error.

Reversed.

Chief Judge HEDRICK and Judge ORR concur.