STATE OF NORTH CAROLINA v. OLIN DELANO SEALEY

No. 7826SC1168

(Filed 1 May 1979)

1. **Indictment and Warrant § 17.3; Narcotics § 4.1— indictment charging sale of narcotics to named person—proof of sale to another—fatal variance**

There was a fatal variance between indictment and proof where the indictment alleged that defendant sold the controlled substance dilaudid to a named person and the evidence tended to show only a sale to a different person.

2. **Criminal Law §§ 42.6, 88; Narcotics § 3.1— chain of custody of narcotics—no right to voir dire**

Defendant's right to effective cross-examination of an SBI chemist concerning the chain of custody of dilaudid pills did not include a right to a practice-run examination of the witness out of the jury's presence.

3. **Criminal Law § 117— instruction to scrutinize testimony—written request required**

An instruction to scrutinize the testimony of a witness on the grounds of interest or bias relates to a subordinate feature of a criminal case, and the trial court is not required to give such an instruction absent a special request made in writing before the charge to the jury is begun. G.S. 1-181.

4. **Criminal Law § 42.6— chain of custody**

A showing that a package was put into the U.S. mail and that it was received by a chemist at the SBI laboratory in Raleigh was sufficient to establish the chain of custody without evidence as to who picked the package up at the post office in Raleigh and delivered it to the chemist and what precautions were taken to safeguard the package in its transit from the Raleigh post office to the SBI laboratory.

APPEAL by defendant from *Ferrell, Judge.* Judgment entered 23 September 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 29 March 1979.

Defendant was tried upon his plea of not guilty to the charges in a two-count indictment charging him, in the first count, with the felonious sale of dilaudid, a controlled substance, to N. C. Mills, and, in the second count, with felonious possession of dilaudid with intent to sell. The State presented evidence to show that one Timothy Lee Atkins arranged to sell 100 dilaudid pills to N. C. Mills, an undercover agent of the State Bureau of Investigation. Atkins and Mills drove from Gastonia to Charlotte where Atkins telephoned the defendant who told Atkins to meet him at

a certain grocery store. Atkins and Mills drove to the indicated store and were met by the defendant who drove up in his own car. Atkins, in possession of $1500 given him by Mills, got into the defendant's car and was driven by the defendant to an apartment about a block away. The defendant entered the apartment and returned with 100 dilaudid pills for which Atkins paid the defendant $1300. Atkins then delivered the pills to Mills, keeping a profit of $200 for himself.

The defendant did not present evidence. The jury found the defendant guilty as charged on both counts. On defendant's conviction of the charge contained in the second count, judgment was entered sentencing defendant to prison for the term of ten years. On defendant's conviction of the charge contained in the first count, judgment was entered sentencing defendant to prison for the term of ten years, this sentence to run at the expiration of the sentence imposed on the second count. From these judgments, defendant appeals.

*Attorney General Edmisten by Assistant Attorney General Archie W. Anders for the State.*

*G. Miller Jordan for the defendant appellant.*

PARKER, Judge.

By a motion to supplement the defendant's brief, which we have treated as a memorandum of additional authorities under Rule of Appellate Procedure 28(g), the defendant argues that there was a fatal variance between the count of the indictment charging sale of dilaudid and the proof of that count. We agree and vacate the judgment on the sale count.

[1] The count in question charged the defendant with selling dilaudid to N. C. Mills. The evidence showed, however, that the defendant made the sale to Atkins. "[W]here the bill of indictment alleges a sale to one person and the proof tends to show only a sale to a different person, the variance is fatal." *State v. Ingram,* 20 N.C. App. 464, 466, 201 S.E. 2d 532, 534 (1974). The judgment on the sale count must be vacated. The State is at liberty to obtain another bill of indictment charging defendant with the sale to Atkins. *State v. Ingram, supra.*

[2]   In the first assignment of error presented in his brief, the defendant contends that the trial court erred in refusing to allow defendant to conduct a voir dire inquiry into the chain of custody of the dilaudid pills in the midst of the testimony of SBI chemist McSwain. The defendant argues that the trial court's ruling in this regard constituted an impairment to his right of effective cross-examination. This contention is without merit. The defendant was not entitled to a voir dire hearing in this instance. The defendant's right to effective cross-examination here did not include a right to a practice-run examination of the State's witness out of the jury's hearing.

[3]   In the second assignment of error presented in his brief, defendant contends that the trial court erred in denying defendant's oral request, made at the conclusion of the charge of the court, that it instruct the jury "concerning the testimony of the codefendant," Atkins, who was also charged with the sale to Mills as well as with other drug-related crimes. We find no error. An instruction to scrutinize the testimony of a witness on the grounds of interest or bias relates to a subordinate feature of a criminal case, and the trial court is not required to charge as to such matters in the absence of request for special instructions aptly made. *State v. Roux*, 266 N.C. 555, 146 S.E. 2d 654 (1966); *State v. Reddick*, 222 N.C. 520, 23 S.E. 2d 909 (1943); 4 Strong's N.C. Index 3d Criminal Law § 113.3. p. 586-87. A request for a special instruction is aptly made if in writing and submitted to the trial court before the charge to the jury is begun. G.S. 1-181. In this case the defendant made his request orally at the close of the trial court's charge.

[4]   The defendant's final contention is that the court erred in allowing the State to introduce the dilaudid pills into evidence because, so he argues, there had been a break in the chain of custody of the envelope containing the pills. The evidence shows that SBI employee Coleman took the 100 pills from Agent Mills and packaged them for mailing in State's Exhibit 1A, a tan manilla envelope, after having placed the pills inside State's Exhibit 1B, a smaller envelope which he placed in State's Exhibit 1A. Coleman testified that he took State's Exhibit 1A to the Post Office, paid postage on it, and put it in the mail. The postmark on State's Exhibit 1A shows that the package was mailed on 9 November 1976. SBI Chemist McSwain testified that he received

the package by first class mail and in a sealed condition at the SBI laboratory in Raleigh on the afternoon of 12 November 1976. The defendant contends erroneously that a link is missing in the chain of custody between Coleman's mailing of the package and its receipt by McSwain at the SBI laboratory in Raleigh because the evidence does not show who picked the package up at the post office in Raleigh and delivered it to McSwain and what precautions were taken to safeguard the package in its transit from the Raleigh post office to the SBI laboratory. A showing that a package was put into the United States mail and that it was received in a sealed condition by the chemist at the SBI laboratory in Raleigh is sufficient to establish the chain of custody. There was no error in admitting the pills into evidence.

The result is:

The judgment entered upon defendant's conviction of the charge contained in the first count in the indictment, which charged him with felonious sale of dilaudid to N. C. Mills, is vacated.

In the judgment entered upon defendant's conviction of the charge contained in the second count in the indictment, which charged him with felonious possession of dilaudid with intent to sell, we find

No error.

Judges HEDRICK and CARLTON concur.