STATE OF NORTH CAROLINA v. WILBER MERCER

No. 873SC760

(Filed 19 April 1988)

1. **Narcotics § 2— intent to sell and deliver charged in indictment—intent to sell or deliver submitted to jury**

   The trial court did not err by submitting to the jury the possible verdict of guilty of possession of cocaine with intent to sell or deliver, though the indictment charged possession with intent to sell and deliver.

2. **Narcotics § 3.1— "records" seized from defendant's residence—authenticity—admissibility**

   In a prosecution of defendant for possession of cocaine with intent to sell and deliver, the trial court did not err in admitting into evidence "records" which showed numbers in addition or multiplication sets and in some cases initials and names, since defendant was the sole occupant of the residence in which the documents were found, and this was sufficient evidence of authenticity. N.C.G.S. § 8C-1, Rule 901(a).

3. **Narcotics § 4— possession of cocaine with intent to sell or deliver—sufficiency of evidence**

   Documents, cash, and sodium bicarbonate found in a locked closet in defendant's residence, coupled with vials of cocaine, constituted sufficient evidence to take the charge of possession with intent to sell or deliver to the jury.

APPEAL by defendant from *Watts, Judge.* Judgment entered 11 March 1987 in Superior Court, PITT County. Heard in the Court of Appeals 5 April 1988.

This is a criminal action wherein defendant was charged in a proper bill of indictment with possession of cocaine with intent to sell and deliver in violation of G.S. 90-95(a)(1). The evidence at trial tends to show:

Law enforcement officers, acting pursuant to a search warrant, entered defendant's residence. There they found defendant and Ruthie Lynn Watson lying on a bed. One officer, Thomas

Shane, found six vials about an inch in height and with a circumference the size of his little finger. Each contained a white substance later determined by the SBI to be "crack," cocaine in its base form.

A locked closet was broken open by the officers, who found inside sodium bicarbonate, sometimes used to manufacture cocaine in the "crack" form. The officers also found $177 in cash, a tinfoil packet with white powdery residue, letters addressed to defendant, men's clothing, photographs of defendant, and some papers with numbers and names on them in a storage box.

Other "records" with numbers and words on them were found in the kitchen. The officers also found in the kitchen cut pieces of tinfoil, knives, scissors and an empty aluminum foil roll.

The jury found defendant guilty of possession of cocaine with intent to sell or deliver. From a judgment imposing a prison sentence of four years, defendant appealed.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Richard G. Sowerby, Jr., for the State.*

*Assistant Public Defender Arthur M. McGlauflin for defendant, appellant.*

HEDRICK, Chief Judge.

[1] In defendant's first argument he contends the trial court erred by submitting to the jury the possible verdict of guilty of possession of cocaine with intent to sell *or* deliver. The indictment charged that defendant "unlawfully, willfully and feloniously did possess with intent to sell *and* deliver . . ." (emphasis added). Defendant argues this would have been the proper wording of the possible verdict and that the use of the disjunctive "or" allowed the State to meet a lower burden of proof than required under the indictment. We disagree.

It is proper for a jury to return a verdict of possession with intent to sell *or* deliver under G.S. 90-95(a)(1). *State v. McLamb*, 313 N.C. 572, 330 S.E. 2d 476 (1985); *State v. Pulliam*, 78 N.C. App. 129, 336 S.E. 2d 649 (1985). Such a verdict is no less proper when the indictment charges possession with intent to sell *and* deliver since the conjunctive "and" is acceptable to specify the ex-

act bases for the charge. *State v. Swaney*, 277 N.C. 602, 178 S.E. 2d 399, *appeal dismissed and cert. denied*, 402 U.S. 1006, 91 S.Ct. 2199, 29 L.Ed. 2d 428 (1971), *overruled on other grounds, State v. Hurst*, 320 N.C. 589, 359 S.E. 2d 776 (1987). For these reasons, this argument has no merit.

**[2]** Defendant next contends the trial court erred in admitting State's exhibits two, three and four and exhibiting them to the jury. These exhibits were "records" which showed numbers in addition or multiplication sets, and in some cases, initials and names. Defendant argues the documents were not properly authenticated and no effort was made to show his handwriting was on them.

G.S. 8C-1, Rule 901(a) provides for authentication:

(a) General provision — The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

Under the identical Rule 901 of the Federal Rules of Evidence, federal courts have held that a *prima facie* showing, by direct or circumstantial evidence, such that a reasonable juror could find in favor of authenticity, is enough. *United States v. Black*, 767 F. 2d 1334, *cert. denied*, 474 U.S. 1022, 106 S.Ct. 574, 88 L.Ed. 2d 557 (1985). In this case, defendant was sole occupant of the residence in which the documents were found. This is sufficient for them to be admitted into evidence, and the weight given the evidence is for the jury to decide. *Milner Hotels v. Mecklenburg Hotel*, 42 N.C. App. 179, 256 S.E. 2d 310 (1979). We hold there was no error as to admission of the exhibits.

**[3]** Finally, defendant argues the trial court erred in denying his motion to dismiss because the evidence was insufficient for a guilty verdict of possession with intent to sell or deliver. We disagree. The documents, cash, and sodium bicarbonate found in defendant's locked closet, coupled with the vials of cocaine, constitute sufficient evidence to take the charge of possession with intent to sell or deliver to the jury. Defendant's contention is without merit.

We hold defendant had a fair trial, free from prejudicial error.

No error.

Judges PHILLIPS and EAGLES concur.