STATE OF NORTH CAROLINA v. REUBEN CARL WALL

No. 8920SC4

(Filed 17 October 1989)

1. **Narcotics § 2 (NCI3d) — sale and delivery of cocaine — person to whom sale made — fatal variance between indictment and proof**

There was a fatal variance between an indictment which alleged sale and delivery of cocaine by defendant to undercover officer McPhatter and evidence which showed sale and delivery of cocaine by defendant to nightclub patron Riley, and evidence

was insufficient to show that defendant had knowledge that Riley was buying or taking delivery for McPhatter.

Am Jur 2d, Drugs, Narcotics and Poisons §§ 41, 42; Indictments and Information §§ 260 et seq.

2. **Narcotics § 1.3 (NCI3d)— possession with intent to sell or deliver—charge not dependent on completed sale or delivery**

There was no merit to defendant's contention that, if the sale and delivery charges failed, the charge of possession with intent to sell or deliver must fail as well, since it is the intent of defendant which is the gravamen of the offense of possession with intent to sell or deliver, and a completed sale or delivery of controlled substances therefore need not be shown in order to convict defendant of possession with intent to sell or deliver.

Am Jur 2d, Drugs, Narcotics and Poisons §§ 41, 42; Indictments and Information §§ 260 et seq.

3. **Narcotics § 4.6 (NCI3d)— possession with intent to sell or deliver—instruction not improper**

Reversal of defendant's conviction was not required where the trial court instructed the jury on the possible verdict of guilty of possession of cocaine with intent to sell *or* deliver, but the indictment charged possession with intent to sell *and* deliver, since the discrepancy did not impermissibly lower the State's burden of proof.

Am Jur 2d, Trial §§ 626, 627, 715-717, 925.

4. **Criminal Law § 1102 (NCI4th)— possession with intent to sell and deliver cocaine—greater culpability because of increased access to customers—improper nonstatutory aggravating factor**

In a prosecution for possession with intent to sell and deliver cocaine the trial court erred in finding as a nonstatutory aggravating factor that defendant was more culpable because he was in a crowded nightclub which he owned and operated, since increased access to potential customers does not increase defendant's culpability.

Am Jur 2d, Criminal Law § 539.

APPEAL by defendant from *Gudger, Judge.* Judgments entered 3 August 1988 in Superior Court, RICHMOND County. Heard in the Court of Appeals 30 August 1989.

Defendant was indicted for possession with intent to sell and deliver cocaine, sale of cocaine to Robert McPhatter and delivery of cocaine to Robert McPhatter. The incident on which the indictment was based allegedly occurred on 16 January 1988. At trial the State's evidence tended to show that an undercover officer (McPhatter) entered defendant's establishment and approached the bar where defendant was working. McPhatter testified that he purchased a can of beer from defendant and asked him if he (McPhatter) could buy some marijuana. According to McPhatter's testimony, the defendant said he did not have any marijuana but expected some to come in later that night. McPhatter also testified that while there he spoke with one Tabatha Riley and asked her where he could buy some cocaine. McPhatter testified that he gave Ms. Riley $25 to purchase cocaine and that he observed Ms. Riley approach the defendant. McPhatter testified that he saw Ms. Riley give the defendant $25 and defendant give Ms. Riley a small bag of white powder. Ms. Riley then returned to McPhatter and gave him the bag of powder. An SBI chemist testified that analysis indicated the powder substance was cocaine. Lieutenant Webb of the Richmond County Sheriff's Department was working with McPhatter on an undercover operation during this time. Webb testified that he received the bag of white powder from McPhatter and forwarded it to the SBI for analysis.

At the close of the State's evidence defendant moved to dismiss all counts in the indictment. Defendant argued that counts two and three (sale and delivery) allege that defendant sold and delivered cocaine to McPhatter while all the evidence showed that the sale and delivery by defendant, if any, was to Ms. Riley. Defendant also moved to dismiss the charge of possession of cocaine with intent to sell and deliver. Defendant's motions were denied.

Defendant offered evidence. Tabatha Riley testified that McPhatter gave her $25 to buy cocaine, that she then went to defendant and bought a pack of rolling papers for $1 and then she went over to Calvin Baldwin and bought the cocaine from him. Ms. Riley also testified that while these transactions were taking place, McPhatter's view of her was obstructed by a wall between her and where he was standing. The defendant testified that McPhatter approached

him and asked if he could buy some cocaine. Defendant testified that he told McPhatter that he did not have any. Defendant also testified that later he sold a pack of rolling papers to Ms. Riley and told her that McPhatter was "the law." Calvin Baldwin testified that earlier that evening, Derise Covington had given him four bags of cocaine and some marijuana. Baldwin also testified that he gave Ms. Riley two bags of the cocaine on the evening in question without payment because Ms. Riley told him that she had already paid Derise Covington. The defendant also presented testimony from a licensed private investigator, Mr. Allen, who testified regarding statements made to him by Ms. Riley, Mr. Baldwin and the defendant. These prior statements were offered for corroboration.

In rebuttal the State recalled Lieutenant Webb. Webb testified that Ms. Riley made a prior statement to him in which she said she had given the $25 to defendant for the cocaine.

At the close of all the evidence defendant renewed his motion to dismiss the charges. Defendant's motion was denied. The jury found defendant guilty of all three charges. After finding aggravating and mitigating factors the trial court imposed consecutive terms of five years imprisonment for the possession conviction and three years imprisonment for the sale and delivery of cocaine. From judgment imposed on the verdict, defendant appeals.

*Attorney General Thornburg, by Assistant Attorney General Thomas G. Meacham, Jr., for the State.*

*Henry T. Drake for defendant-appellant.*

EAGLES, Judge.

Defendant's arguments regarding the guilt phase of his trial can be reduced to two contentions. First, defendant contends there is a fatal variance between the allegations in the indictment and proof of the sale and delivery charges because the indictment names McPhatter as the purchaser of the cocaine from Wall on the sale and delivery charges while the proof tends to show that Riley was the purchaser. Defendant also argues there was no evidence presented to show defendant knew Riley was buying and receiving the cocaine as agent for another. Defendant argues that for this reason the trial court erred in: (1) failing to dismiss the sale and delivery charges; (2) instructing the jury regarding agency; and

STATE v. WALL

[96 N.C. App. 45 (1989)]

(3) failing to arrest judgment. Defendant also argues that, because the substantive crimes were so "intertwined" factually, if the sale and delivery conviction is vacated, the possession conviction must be vacated as well.

We agree in part with defendant's argument regarding his motion to dismiss. Accordingly, we vacate the judgment on the sale and delivery charges. We are not persuaded that we must also vacate the judgment on the possession charge.

Second, defendant contends that the indictment charging possession states that defendant possessed cocaine with the intent to "sell *and* deliver" while the trial court's charge to the jury allowed a conviction if the jury found defendant possessed cocaine with the intent to "sell *or* deliver." Defendant argues that the instructions given by the trial court impermissibly lowered the State's burden of proof. We disagree.

Defendant also asserts that the trial court erred when it found as a nonstatutory aggravating factor that: "[d]efendant operated the Midnight Express where beer is sold and dance hall is maintained under conditions rendering his possession of controlled substances for purpose of sale, particularly aggravating because of large public dependence and exposure to opportunity for abuse of controlled substances." We agree that the trial court erred and accordingly remand for resentencing.

## I. Guilt Phase

[1] The two counts of the indictment in question charged the defendant with selling and delivering cocaine to McPhatter. The evidence showed, however, that the sale and delivery was to Riley. The law is settled in this state that an indictment for the sale and/or delivery of a controlled substance must accurately name the person to whom the defendant allegedly sold or delivered, if that person is known. *State v. Ingram*, 20 N.C. App. 464, 466, 201 S.E.2d 532, 534 (1974), *citing State v. Bennett*, 280 N.C. 167, 185 S.E.2d 147 (1971). A defendant must be convicted, if at all, of the particular offense charged in the indictment. *State v. Faircloth*, 297 N.C. 100, 107, 253 S.E.2d 890, 894, *cert. denied, Faircloth v. North Carolina*, 444 U.S. 874, 62 L.Ed. 2d 102, 100 S.Ct. 156 (1979). The State's proof must conform to the specific allegations contained in the indictment. If the evidence fails to do so, it is insufficient to convict the defendant of the crime as charged. *Id.* Therefore,

a challenge to a fatal variance between the indictment and proof may be raised by a motion to dismiss for insufficient evidence. *Id.; State v. Law*, 227 N.C. 103, 40 S.E.2d 699 (1946).

In order to survive defendant's motion to dismiss the charges of selling and delivering cocaine to McPhatter, at a minimum, the evidence would have to show two things: (1) that defendant had knowledge Riley was buying or taking delivery of the cocaine for another person; and (2) that the person named in the indictment was that other person. *See State v. Pulliam*, 78 N.C. App. 129, 132, 336 S.E.2d 649, 652 (1985); *State v. Black*, 34 N.C. App. 606, 608, 239 S.E.2d 276, 277 (1977), *disc. rev. denied*, 294 N.C. 362, 242 S.E.2d 632 (1978). Defendant's guilty knowledge may be shown by circumstantial evidence. *State v. Rozier*, 69 N.C. App. 38, 50, 316 S.E.2d 893, 901, *cert. denied*, 312 N.C. 88, 321 S.E.2d 907 (1984). In reviewing the denial of a motion to dismiss we examine the evidence in the light most favorable to the State to determine if there is substantial evidence of every essential element of the crime. Evidence is "substantial" if a reasonable person would consider it sufficient to support the conclusion that the essential element exists. *State v. McKinnon*, 306 N.C. 288, 298, 293 S.E.2d 118, 125 (1982). Our review of the transcript reveals there is no substantial evidence that defendant knew Riley was acting on behalf of another. Therefore, defendant's motion to dismiss the sale and delivery charges should have been allowed.

Here there is evidence that McPhatter approached defendant and asked for cocaine. There is also some evidence that defendant knew Riley had been with McPhatter. However, this is insufficient basis to submit to the jury the issue of whether defendant knew Riley was acting on behalf of McPhatter. The State's argument that a transaction that occurs in a crowded nightclub is in the "presence" of one located at the other end of the building is unpersuasive. We note that the State is at liberty to obtain another bill of indictment charging defendant with sale and delivery to Riley. *See State v. Sealey*, 41 N.C. App. 175, 176, 254 S.E.2d 238, 240 (1979); *State v. Ingram*, 20 N.C. App. at 466, 201 S.E.2d at 534.

[2]  We find defendant's argument regarding the effect of a dismissal of the sale and delivery charges on the possession charge unpersuasive. These alleged offenses are not so factually "intertwined" that the conviction for possession with intent to sell or deliver must be vacated as well. Defendant's reliance on *State v. Creason*,

313 N.C. 122, 326 S.E.2d 24 (1985) is misplaced. Defendant asserts that if the sale and delivery charges fail, the charge of possession with intent to sell or deliver must fail as well. However, in *Creason* the court stated that "[i]t is the *intent* of the defendant that is the gravamen of the offense" of possession with intent to sell or deliver. *Id.* at 129, 326 S.E.2d at 28 [emphasis in original]. Therefore, a completed sale or delivery of controlled substances need not be shown in order to convict defendant of possession with intent to sell or deliver. Defendant's arguments to the contrary are without merit.

[3] Defendant next argues that the discrepancy between the offense alleged in the indictment and the instruction given the jury requires reversal. The indictment alleged that defendant "unlawfully, willfully and feloniously did possess with intent to sell *and* deliver cocaine." [Emphasis added.] The trial court instructed the jury on the possible verdict of guilty of possession of cocaine with intent to sell *or* deliver. Defendant asserts that the difference between the indictment and the court's instruction impermissibly lowered the State's burden of proof. We disagree.

As this court has stated before,

[i]t is proper for a jury to return a verdict of possession with intent to sell *or* deliver under G.S. 90-95(a)(1). Such a verdict is no less proper when the indictment charges possession with intent to sell *and* deliver since the conjunctive "and" is acceptable to specify the exact bases for the charge.

*State v. Mercer*, 89 N.C. App. 714, 715-16, 367 S.E.2d 9, 10-11 (1988). For these reasons, defendant's assignment of error is overruled.

## II.  Sentencing Phase

[4]  The trial court found as a nonstatutory aggravating factor that

defendant operated the Midnight Express where beer is sold and dance hall is maintained under conditions rendering his possession of controlled substances for purpose of sale, particularly aggravating because of large public dependence and exposure to opportunity for abuse of controlled substances.

Defendant asserts that this nonstatutory factor includes an inherent element of the offense of possession with intent to sell or deliver. "[C]ircumstances that are inherent in the crime convicted of may

not be used as aggravating factors." *State v. Coffey*, 65 N.C. App. 751, 760, 310 S.E.2d 123, 129 (1984). Defendant argues that the trial court used possession of a controlled substance as one aspect of the aggravating factor. Defendant also argues that the judge's reference to "abuse of controlled substances has to mean a sell [sic] or delivery" and charges of sale and delivery of cocaine were joined offenses. Defendant argues this was an improper reference to defendant's "course of conduct." *See State v. Flowers*, 84 N.C. App. 696, 354 S.E.2d 240, *disc. rev. denied*, 319 N.C. 675, 356 S.E.2d 782 (1987). We disagree. However, we conclude that the trial court erred in finding the aggravating factor.

The court's basis for finding the aggravating factor was the place where defendant was located when he possessed cocaine with intent to sell or deliver. The gist of the trial court's finding is that defendant was more culpable because he was in a crowded nightclub which he owned and operated. The trial court concluded that these circumstances gave defendant access to more potential customers. "Evidence which increases a defendant's culpability may properly be considered as an aggravating factor." *State v. McKinney*, 88 N.C. App. 659, 665, 364 S.E.2d 743, 747 (1988), *citing State v. Perry*, 316 N.C. 87, 110-11, 340 S.E.2d 450, 464-65 (1986); G.S. 15A-1340.3. We do not agree that increased access to potential customers increases the defendant's culpability. Because the trial court erred in making this finding, we remand for a new sentencing hearing. *See State v. Chatman*, 308 N.C. 169, 180-81, 301 S.E.2d 71, 78 (1983).

For the reasons stated, defendant's conviction of sale and delivery of cocaine is vacated. In defendant's conviction for possession with intent to sell or deliver, we find no error but because of error in the sentencing, we remand for resentencing.

The results are:

As to charges of sale and delivery of cocaine — vacated.

As to charge of possession with intent to sell or deliver — no error in the conviction but remanded for resentencing.

Judges JOHNSON and GREENE concur.