STATE OF NORTH CAROLINA v. RUDOLPH LEE BUNCH

No. 906SC1085

(Filed 17 September 1991)

1. **Narcotics § 4.2 (NCI3d) — sale or delivery of cocaine — possession with intent to sell — sufficiency of evidence**

The State's evidence was sufficient to support defendant's convictions of the sale or delivery of cocaine and possession of cocaine with intent to sell or deliver where it tended to

**STATE v. BUNCH**

[104 N.C. App. 106 (1991)]

show that, when an undercover officer approached defendant and another man, defendant asked, "How Many?" and the officer replied that he "wanted one"; defendant told the officer to drop the money on the ground, and the officer put a twenty dollar bill on the ground; defendant handed a tinfoil packet to the other man, who picked up the money and handed the tinfoil packet to the officer; and the packet contained one rock of crack cocaine.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 47.**

**2. Narcotics § 3.3 (NCI3d) — common practice in drug transactions — testimony by police officer**

The trial court did not err in permitting a police officer to testify that it was a common practice in drug transactions for one person to hold the money and for another person to carry the drugs so that, in the event of an arrest, one individual would not have possession of both the money and the drugs. N.C.G.S. § 8C-1, Rule 701.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 46.**

**3. Criminal Law § 482 (NCI4th) — remarks by district attorney — presence of jury venire — improper communication — absence of prejudice**

Although remarks by the district attorney concerning the workload of the district attorney's office and the necessity of weekend work in order to prepare cases for trial, made in the presence of the jury venire in response to the trial court's remarks the previous day about disorganization and inefficient use of court time, may have violated Professional Conduct Rule 7.8(a), defendant was not prejudiced by these remarks where the remarks were not made during defendant's trial or on the same day as his trial; they were only tangentially related to the proceedings involving the defendant; and defense counsel never requested cautionary instructions, explored any potential prejudice by questioning the venire, or exhausted his challenges to the panel.

**Am Jur 2d, Trial §§ 499, 1478.**

**4. Criminal Law § 1114 (NCI4th) — failure to admit guilt — improper aggravating factor**

The trial court erred in aggravating defendant's sentences for narcotics offenses because defendant failed to admit guilt.

**Am Jur 2d, Criminal Law § 599; Drugs, Narcotics, and Poisons § 48.**

APPEAL by defendant from Judgments entered 15 June 1990 by *Judge Samuel T. Currin* in HERTFORD County Superior Court. Heard in the Court of Appeals 22 August 1991.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Charles J. Murray, for the State.*

*Overton and Carter, by Larry S. Overton, for defendant-appellant.*

COZORT, Judge.

Rudolph Lee Bunch was convicted of one count of felonious sale or delivery of cocaine and one count of felonious possession with the intent to sell a controlled substance. Defendant was sentenced to the ten-year maximum sentence on each charge to run consecutively. Defendant contests on appeal the following: (1) the trial court's denial of defendant's motion to dismiss the charges for insufficiency of the evidence; (2) the admission of a police officer's testimony concerning common practices among individuals involved in drug transactions; (3) the trial court's denial of defendant's motion for a continuance and motion for a mistrial based on comments made by the district attorney in the presence of the jury venire; and (4) the trial court's consideration of defendant's denial of guilt as a non-statutory aggravating factor in determining his sentence. We find no reversible error in the trial. We remand for resentencing.

[1] The State's evidence at trial tended to show that, on the evening of 23 September 1989, Agent Scott J. Parker, an undercover agent working for the Bertie-Hertford-Northampton Tri-County Drug Task Force, went to the intersection of First and Maple Streets in Ahoskie, North Carolina. Agent Parker observed defendant Rudolph Bunch, (known as "Root Doctor"), and another male, Michael Britt, as they approached passing automobiles in the area. Agent Parker watched as defendant handed small tinfoil packages

to Britt, who then handed the packs to the passengers in the stopped vehicles. As Agent Parker approached the men, defendant asked, "how many?" to which Agent Parker replied that he "wanted one." Defendant told the officer to "drop the money on the ground." Agent Parker put a twenty-dollar bill on the ground. Defendant handed one of the packets to Britt who picked up the money and then handed the pouch to Parker. Agent Parker did not see Britt give the $20.00 to defendant. The tinfoil packet contained one rock of crack cocaine. The defendant offered no evidence.

Defendant argues that the trial court erred in denying his motion to dismiss for insufficiency of the evidence. This argument is without merit. "In ruling on a motion to dismiss, the trial court must view the evidence in the light most favorable to the State, giving it the benefit of all reasonable inferences which can be drawn therefrom. If there is 'substantial evidence' of each element of the charged offense, the motion should be denied." *State v. Rich*, 87 N.C. App. 380, 382, 361 S.E.2d 321, 323 (1987) (citations omitted). First, defendant contends that the State failed to prove the charge of sale or delivery of cocaine. Defendant argues that Agent Parker never delivered any money directly to defendant, nor did the agent see Mr. Britt deliver any money to defendant. This argument fails. Defendant cites *State v. Wall*, 96 N.C. App. 45, 384 S.E.2d 581 (1989), to support his position. We find *Wall* distinguishable. In *Wall*, defendant was indicted for sale and delivery of cocaine to Robert McPhatter. The State's evidence tended to show that McPhatter gave $25.00 to Tabatha Riley, who actually purchased the cocaine from defendant Wall. There was no evidence defendant knew Riley was buying the cocaine for McPhatter. This Court found a fatal variance between the indictment and the evidence, because the defendant had no knowledge that the middleman was acting on behalf of the undercover police officer. The present case is distinguishable. Defendant had direct contact with Agent Parker and even spoke to him about buying a package of cocaine. Therefore, the trial court did not err in denying the motion to dismiss the sale or delivery charge.

Second, defendant asserts that the State failed to present evidence sufficient to sustain a conviction on the charge of possession with the intent to sell or deliver. This argument also fails. The court in *State v. Creason*, 313 N.C. 122, 326 S.E.2d 24 (1985), stated, "[i]t is the *intent* of the defendant that is the gravamen of the offense" of possession with the intent to sell or deliver.

*Id.* at 129, 326 S.E.2d at 28 (emphasis in original). Therefore, the defendant need not complete the sale to be found guilty of possession with the intent to sell or deliver. In the present case, defendant's words and actions established the intent to sell, despite his not having physically received the money from the transaction. The trial court did not err in denying the defendant's motion to dismiss as to the possession charge.

[2] Defendant next argues that the trial court erred in admitting into evidence a police officer's testimony concerning the common practices of drug dealers. We find no error as to the admissibility of the testimony in this particular case. Evidence is admissible if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," N.C. Gen. Stat. § 8C-1, Rule 401 (1988), and if it has probative value which outweighs any potential prejudice to the defendant. N.C. Gen. Stat. § 8C-1, Rule 403 (1988). The test for prejudicial error is "whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." *State v. Heard*, 285 N.C. 167, 172, 203 S.E.2d 826, 829 (1974). Under N.C. Gen. Stat. § 8C-1 Rule 701 (1988), opinion testimony from a lay witness is permitted when it is "rationally based on the perception of the witness" and is helpful to the jury. As long as the lay witness has a basis of personal knowledge for his opinion, the evidence is admissible.

At trial, Agent Parker testified that it was common practice in drug transactions in Ahoskie for one person to hold the money and for another person to carry the drugs. The purpose for such practice was that in the event of an arrest, one individual would not have possession of both the money and the drugs. Other courts have found similar testimony as being non-prejudicial. In *State v. Givens*, 95 N.C. App. 72, 381 S.E.2d 869 (1989), we held that admission of testimony that scales on defendant was drug paraphernalia was not prejudicial. In *State v. Hart*, 66 N.C. App. 702, 311 S.E.2d 630 (1984), we found admission of testimony regarding use of quinine and manitol as common practice of drug dealers was not prejudicial. Since the evidence in this case was relevant, based on personal knowledge, and non-prejudicial, the trial judge did not err in admitting the police officer's testimony.

STATE v. BUNCH

[104 N.C. App. 106 (1991)]

[3]   Defendant further alleges that the trial court committed revers-
ible error by denying defendant's motion for a continuance and
motion for a mistrial based on comments made by the District
Attorney in the presence of the jury venire. Although we find
the District Attorney's speech before the jury to have been inap-
propriate, we find no prejudicial error. On Monday, 15 June 1990,
Judge Samuel T. Currin, the presiding judge, commented in open
court, out of the presence of the jurors called for jury service
that week, upon what he perceived to be the disorganization and
inefficient use of time in court. When court opened on Tuesday,
16 June 1990, the District Attorney responded to the remarks
the judge made on Monday. The District Attorney's statements
were made in open court and in the presence of the jurors called
for jury service that week. The speech consisted of the following:

Your Honor, I have several matters but the first matter
for trial, I would like to say this if I may in front of the
jury concerning remarks yesterday about being disorganized.
This is the third straight week that I've been in Superior
Court. We only have, I have two assistants that work with
me and we have three counties. Last week we had Superior
Court going on in two different counties. On Memorial Day,
our office worked on Memorial Day. Last weekend we worked.
When we finished work last week on Thursday or Friday,
we had finished court on Wednesday in Bertie County. I held
court in, on Thursday, in District Court and Friday District
Court and worked Saturday afternoon and Sunday afternoon
getting these cases ready for court this week. We only have
one person to get these cases ready for court when we do
that. I'd like for the jury to be aware of this, the time that
we spent. I'm not complaining about the time that we spent
on the weekends or the night time because I enjoy my job
and I, I wouldn't be doing it if I did not. I want the jury
to be aware of the time that we have to get these cases ready.
When you have three straight weeks of Superior Court, it's
difficult to get them ready, to get them ready the way you
would like to do so. We make every opportunity to do so.
As far as Mr. Flower, I met with Mr. Flower Friday afternoon
to go over about 12 of his cases and some of his folks that
he had yesterday, it was the first time that he had an oppor-
tunity to talk with them because he had been in custody for,
for the entire time. I'd like for the jury to be aware of the

time that we spent. Sometimes they don't know. You know, you don't do this job for perhaps the money. I do it because I, I feel like I'm trying to do something good and uh, and you'd like to be appreciated for the work that you do do. I wanted the jury to be aware of the time that, the time that I had spent over the past three weeks and the weekends that I give up from my family to get these cases ready for trial.

Defendant's case was called for trial the day following the District Attorney's speech. Prior to jury selection, defense counsel moved to continue the matter alleging the prejudicial effect the District Attorney's speech had on the jurors who were in court. The motion was denied. A later motion for a mistrial based on the same grounds was also denied. We find no reversible error.

A motion for a continuance pursuant to N.C. Gen. Stat. § 15A-952(b)(1) (Cum. Supp. 1990) is generally addressed to the sound discretion of the trial judge whose ruling is not subject to review absent a gross abuse of discretion. *State v. Searles*, 304 N.C. 149, 282 S.E.2d 430 (1981). A trial court's ruling on a motion for a mistrial pursuant to N.C. Gen. Stat. § 15A-1061 (1988) is also not reviewable on appeal absent the appearance of a manifest abuse of discretion. *State v. Bailey*, 97 N.C. App. 472, 389 S.E.2d 131 (1990). We find the defendant has failed to demonstrate an abuse of discretion. The District Attorney's speech in the present case was only tangentially related to the proceedings involving the defendant. The remarks were not made during defendant's trial nor on the same day as his trial. The record reflects that defense counsel never requested cautionary instructions, explored any potential prejudice by questioning the venire, or exhausted his challenges to the panel. Consequently, defendant cannot show any unfair prejudicial effect which would justify a finding of abuse of discretion.

We hasten to add that this Court's decision should not be interpreted as approval of the District Attorney's speech. The District Attorney's speech appears to run afoul of Professional Conduct Rule 7.8(a) (1991) which states: "Before the trial of a case a lawyer connected therewith shall not communicate with or cause another to communicate with anyone he knows to be a member of the venire from which the jury will be selected for the trial of the case." The official comment following Rule 7.8(a) stresses that there should be no extrajudicial communication with veniremen prior

to trial or with jurors during trial by or on behalf of a lawyer connected with the case.

**[4]** Finally, we turn to defendant's assertion that the trial court erred by imposing the maximum sentence on defendant because the defendant denied guilt. We agree, finding this case undistinguishable from *State v. Williams*, 98 N.C. App. 68, 389 S.E.2d 830 (1990), in which this Court held that while the admission of guilt by a defendant may be a mitigating factor, the failure to admit guilt cannot be used as a factor in aggravation. In the present case, the judge entered the maximum sentence on each charge and stated:

> Mr. Bunch, I imposed the sentence I have in this case because based on the evidence that I have heard and have seen here, just the impression that you have been a major drug dealer in Ahoskie and Ahoskie has a very major drug problem and I do not know anything else to do in your case especially even in the face of your guilt you stand up here and deny it, I . . . impose the maximum sentence that I can to teach you a lesson as well as to protect society and to protect the people of Ahoskie.

Defendant is entitled to a new sentencing hearing.

No error in trial, remand for resentencing.

Judges ORR and LEWIS concur.