TIMMONS-GOODSON, Judge.
Rassoul Omar Scarborough ("defendant") appeals his conviction for possession of cocaine. For the reasons stated herein, we hold that defendant received a trial free of prejudicial error, but we remand the case to the trial court for the correction of a clerical error on the judgment form.
The State's evidence presented at trial tends to show the following: On 24 May 2002, Wilmington Police Department Officers Kelvin Hargrove ("Officer Hargrove") and Joseph McPherson ("Officer McPherson") were patrolling an area of Wilmington well-known for drug activity when they observed defendant standing on a street corner. When defendant noticed the officers' vehicle approaching, he turned and walked toward a residence located on Church Street. Officer McPherson noted that defendant kept his left hand open and his right hand closed as he approached the residence. When defendant reached the residence, he sat down on the front porch of the residence, where two other men were also sitting. As defendant sat down, Officer McPherson noticed that defendant placed an object beside his right thigh. Officers McPherson and Hargrove exited their vehicle and approached the front porch of the residence. As the officers walked toward the residence, Officer McPherson noticed that defendant leaned over and pushed the object beneath his right thigh.
The officers continued to approach the front porch of the residence. As the officers moved closer to the porch, defendant stood up and began walking toward the officers. Officer McPherson examined the area where defendant was sitting and saw what appeared to be a brown piece of paper lying on the front porch of the residence. Officer McPherson retrieved the brown paper, which was twisted into a knot that contained several different sized pieces of a substance that Officer McPherson believed to be cocaine. Officer McPherson placed the cocaine in a manilla envelope and the officers arrested defendant. Subsequent laboratory tests of the substance identified it as 1.1 grams of crack cocaine.
Defendant was indicted for possession with intent to sell and deliver cocaine. At defendant's trial, Eric Eugene Huff ("Huff") testified on defendant's behalf and stated that the cocaine found on the front porch of the residence belonged to him, not to defendant. On 25 September 2002, the jury found defendant guiltyof the lesser-included offense of possession of cocaine. Defendant subsequently pled guilty to habitual felon status and was sentenced to 121 to 155 months incarceration. Defendant appeals.
The issues on appeal are whether the trial court erred by (I) denying defendant's motion to dismiss the charge of possession with intent to sell and deliver cocaine; and (II) entering judgment in the case.
Defendant first argues that the trial court erred by denying his motion to dismiss the charge of possession with intent to sell and deliver cocaine. Defendant moved the trial court to dismiss the charge at the close of the State's evidence, asserting that the State presented insufficient evidence regarding each element of the offense. However, defendant failed to renew the motion to dismiss after presenting his own evidence in the case. N.C.R. App. P. 10(b)(3) (2004) provides that
If a defendant makes [a motion to dismiss] after the State has presented all its evidence and has rested its case and that motion is denied and the defendant then introduces evidence, his motion for dismissal or judgment in case of nonsuit made at the close of State's evidence is waived. Such a waiver precludes defendant from urging the denial of such motion as a ground for appeal.
Therefore, we hold that defendant has failed to preserve this issue for appeal.
Defendant next argues that the trial court committed plain error in entering judgment against defendant. Defendant contends that the evidence was insufficient to support his indictment andconviction.
The plain error rule authorizes appellate courts to address and remedy those errors committed by the trial court which, although not objected to at trial, are nevertheless so fundamental that they prevent justice in a particular case, deny an appellant a fundamental right or the right to a fair trial, or have a probable impact on the jury's conclusion. State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983). However, the plain error rule does not authorize indiscriminate plain error assignment by appellants. Our appellate courts have applied plain error analysis only to jury instructions and questions involving the admissibility of evidence. State v. Atkins, 349 N.C. 62, 81, 505 S.E.2d 97, 109-10 (1998), cert. denied, 526 U.S. 1147, 143 L. Ed. 2d 997 (2001).
In the instant case, defendant provided the following two assignments of error:
2. The court's entry of judgment and commitment constituted plain error on the ground that the evidence was insufficient to support the indictment as a matter of law.
3. The court's entry of judgment and commitment constituted plain error on the ground that the evidence was insufficient to show actual or constructive possession to support the judgment as a matter of law.
Neither of defendant's plain error assignments reference either the jury instructions or admission of evidence in the case. Although in his brief defendant attempts to argue plain error with regard to the trial court's jury instructions, we note that appellate review is limited to those issues raised by the specific assignments oferror set out in the record on appeal. N.C.R. App. P. 10(a) (2004). Furthermore, where an appellant assigns plain error, N.C.R. App. P. 10(c)(4) (2004) requires that the "judicial action questioned [be] specifically and distinctly contended to amount to plain error." Thus, defendant has failed to preserve his plain error assignments for appeal.
Nevertheless, we note that defendant argues in his brief that the indictment was fatally defective because it failed to allege "either the identity of the person to whom [defendant] was allegedly selling drugs or that the person was unknown." As defendant correctly states, "[t]he purpose of an indictment is to give a defendant sufficient notice of the charge against him [and] enable him to prepare his defense[.]" State v. Ingram, 20 N.C. App. 464, 466, 201 S.E.2d 532, 534 (1974). However, in the instant case, the record reflects that defendant was indicted for possession with intent to sell or deliver cocaine rather than the sale or delivery of cocaine. "'It is the intent of the defendant that is the gravamen of the offense' of possession with intent to sell or deliver." State v. Wall, 96 N.C. App. 45, 51, 384 S.E.2d 581, 584 (1989) (quoting State v. Creason, 313 N.C. 122, 129, 326 S.E.2d 24, 28 (1985)) (emphasis in original). "Therefore, a completed sale or delivery of controlled substances need not be shown in order to convict defendant of possession with intent to sell or deliver." Wall, 96 N.C. App. at 51, 384 S.E.2d at 584. Applying the reasoning of Wall to the instant case, we conclude that the indictment was not defective because it failed to statethe identity of the person or persons to whom defendant intended to sell or deliver the cocaine. Defendant was given sufficient notice of the charge against him to enable him to prepare his defense. Accordingly, we hold that the trial court did not err in entering judgment against defendant.
Ex mero motu we note that the judgment form in the instant case contains a clerical error. As reflected in the trial transcript, defendant pled guilty to habitual felon status after the jury returned its guilty verdict for possession of cocaine. However, although the sentence imposed by the trial court is consistent with the sentencing guidelines for Class C felons under N.C. Gen. Stat. § 15A-1340.17 (2003), the box on the judgment form indicating that defendant was adjudicated as an habitual felon is not marked, while the box indicating that defendant provided substantial assistance pursuant to N.C. Gen. Stat. § 90-95(h)(5) (2003) is marked. Therefore, we remand the case for correction of any error on the judgment form.
No error. Remanded for correction of judgment form.
Judges HUNTER and McCULLOUGH concur.
Report per Rule 30(e).