STATE OF NORTH CAROLINA v. EARL COLEMAN

No. 742SC919

(Filed 5 February 1975)

1. Indictment and Warrant § 9— words "with force and arms"

Indictments for escape and larceny were not rendered invalid by use of the words "with force and arms" since such words constitute a formal phrase traditionally included in bills of indictment and have no significance as an element of the specific crimes charged.

2. Larceny § 6— testimony as to "value"

Witness's opinion of the "value" rather than the "market value" of a stolen automobile was properly admitted where defendant did not object to the form of the question or move to strike the answer, and such testimony was sufficient to require submission to the jury of an issue as to defendant's guilt of felonious larceny under G.S. 14-72.

3. Larceny § 7— failure of evidence to show serial number of stolen car — no fatal variance

There was no fatal variance between a larceny indictment describing the stolen property as a 1970 Plymouth with a certain serial number, the personal property of a named person, and evidence showing a taking by defendant of a 1970 Plymouth owned by the person named in the indictment but failing to show the serial number of the vehicle.

State v. Coleman

4. **Escape § 1— escape while working for Highway Commission — escape from State Prison System**
      An escape by a prisoner assigned by an official of the Department of Correction to work under an employee of the State Highway Commission constituted an escape from the State Prison System.

APPEAL by defendant from *James, Judge,* 3 September 1974 Session of Superior Court held in WASHINGTON County.

By indictments proper in form defendant was charged with (1) felonious escape and (2) felonious larceny of a 1970 Plymouth automobile. He pled not guilty. The State's evidence showed: On 16 May 1973 defendant was in custody of the North Carolina Department of Correction serving a sentence imposed upon him for robbery. On that date he was assigned to work for the State Highway Commission. He escaped and drove away in a 1970 Plymouth belonging to one Biggs, taking the car without authority of its owner. He was apprehended a short time later while driving alone in the stolen automobile.

Defendant offered no evidence. He was found guilty on both charges, and from judgments imposed on the verdicts, appealed.

*Attorney General Edmisten by Assistant Attorney General Alfred N. Salley for the State.*

*Arthur E. Cockrell for defendant appellant.*

PARKER, Judge.

[1]  Defendant first assigns error to denial of his motion to quash the indictments made on the ground that they were "too vague and insufficient, too broad and general." The bills of indictment contained allegations sufficient to set forth fully and clearly all essential elements of the offenses charged. The words, "with force and arms," included in each bill, constitute a formal phrase traditionally included in bills of indictment and have no significance as an element of the specific crimes charged. *State v. Acrey,* 262 N.C. 90, 136 S.E. 2d 201 (1964). Defendant's first assignment of error is overruled.

[2]  Defendant next assigns error to the court's permitting the owner of the stolen automobile to testify that in his opinion the car had a "value" of about eighteen hundred dollars, contending that the question should have been limited to the witness's opinion as to "market value" and citing *State v. Dees,*

14 N.C. App. 110, 187 S.E. 2d 433 (1972) for the proposition that the market value of the stolen item is generally used in determining whether the crime is felonious or non-felonious. We note that no objection was made to the form of the question, no motion was made to strike the witness's answer, and no assignment of error was made to the charge of the court to the jury, which is not included in the record on this appeal. We hold that the witness's testimony as to his opinion of the "value" of the stolen automobile was properly admitted and was sufficient to require submission to the jury of an issue as to defendant's guilt of felonious larceny under G.S. 14-72. Defendant's second assignment of error is overruled.

[3] Defendant's motions for directed verdict were properly overruled. There was no fatal variance between the allegations in the bills of indictment and the State's proof in either case, as defendant now contends. In the larceny case the stolen property was described in the bill of indictment as "a 1970 Plymouth, Serial #PM14360F239110, the personal property of George Edison Biggs." The evidence showed the taking by defendant of a 1970 Plymouth automobile which was owned by George Edison Biggs. The fact that there was no evidence as to the serial number is immaterial.

[4] In the escape case the bill of indictment charged that defendant escaped while lawfully confined in the North Carolina State Prison System in the lawful custody of the North Carolina Department of Correction. The evidence showed he escaped while assigned by an official of the Department of Correction to work under an employee of the State Highway Commission. This constituted an escape from the State Prison System. *State v. Whitley,* 264 N.C. 742, 142 S.E. 2d 600 (1965).

In defendant's trial and in the judgments appealed from we find

No error.

Chief Judge BROCK and Judge HEDRICK concur.