STATE OF NORTH CAROLINA v. RAY TURNER

No. 897SC680

(Filed 15 May 1990)

1. **Conspiracy § 5.1 (NCI3d) — prima facie showing of conspiracy — admissibility of co-conspirator's statements against defendant**

The State's evidence was sufficient to make a prima facie showing of a conspiracy to traffic in cocaine so that hearsay statements made by an alleged co-conspirator regarding "getting up with his man" were admissible against defendant where it tended to show that an undercover officer asked the co-conspirator to sell him two ounces of cocaine; when the officer went to the co-conspirator's home at the arranged time, the co-conspirator told him that he did not yet have the drugs but to return in thirty minutes; defendant subsequently arrived at the co-conspirator's home and gave him a bag contain-

ing 60.1 grams of cocaine without receiving payment therefor; and when the officer returned to the home, the co-conspirator retrieved the same bag of cocaine which defendant had given him and sold it to the officer.

Am Jur 2d, Conspiracy § 46.

2. **Narcotics § 4.5 (NCI3d)— conspiracy to traffic in cocaine— instruction not supported by indictment**

Where defendant was indicted for conspiracy "with Ernie Lucas to commit the felony of trafficking to deliver to Ernie Lucas 28 or more but less than 200 grams of cocaine," the trial court committed plain error in instructing the jury on an agreement by defendant with Ernie Lucas to deliver 28 grams or more of cocaine "to another."

Am Jur 2d, Drugs, Narcotics, and Poisons §§ 41, 42.

3. **Narcotics § 4.2 (NCI3d)— conspiracy to traffic in cocaine— sufficiency of evidence**

The State's evidence was sufficient to support defendant's conviction of conspiracy to traffic in cocaine where it tended to show that an undercover officer arranged to buy cocaine from a co-conspirator; when the officer went to the co-conspirator's home at the appointed time, the co-conspirator told him that "his man was running late and he didn't have the stuff at that time" but that he should return in thirty minutes; defendant subsequently arrived at the co-conspirator's home and gave him a bag containing 60.1 grams of cocaine without receiving payment therefor; and the co-conspirator later retrieved this bag and sold it to the officer.

Am Jur 2d, Conspiracy § 40; Drugs, Narcotics, and Poisons § 47.

4. **Narcotics § 5 (NCI3d)— trafficking by transportation and by delivery—separate convictions**

Defendant's right against double jeopardy was not violated by his conviction and sentencing for both trafficking in cocaine by transportation and trafficking in cocaine by delivery where the evidence showed that defendant moved the cocaine from one place to another and then transferred the cocaine to another person.

Am Jur 2d, Criminal Law § 277; Drugs, Narcotics, and Poisons § 48.

STATE v. TURNER

[98 N.C. App. 442 (1990)]

APPEAL by defendant from judgments entered 1 February 1989 by *Judge Frank R. Brown* in WILSON County Superior Court. Heard in the Court of Appeals 6 February 1990.

Defendant was convicted of conspiracy to traffic in cocaine, trafficking in cocaine by delivery and trafficking in cocaine by transporting it. He was sentenced to three separate terms of seven years' imprisonment to be served consecutively. He was also ordered to pay a $50,000.00 fine for the trafficking in cocaine by transporting conviction.

Defendant is challenging his convictions on several grounds. He contends that the admission of certain statements into evidence, the court's denial of his motions for nonsuit and acquittal, the court's violation of his right not to be placed in double jeopardy and to be protected from cruel and unusual punishment all constitute reversible error.

We have reviewed this case and conclude that the court's erroneous instruction to the jury on the conspiracy charge entitles defendant to a new trial. We find no error as to the remaining portions of the judgments and sentences imposed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Robin W. Smith, for the State.*

*Coleman, Bernholz, Dickerson, Bernholz, Gledhill & Hargrave, by G. Nicholas Herman, for defendant-appellant.*

ORR, Judge.

The State's evidence tended to show that in mid-April 1988 Officer Timothy Bell was working undercover in the Wilson, North Carolina area. On 26 April 1988, Officer Bell contacted Ernie Lucas about purchasing two ounces of cocaine and a meeting was set up for the following day.

On 27 April 1988, Officer Bell went to Ernie Lucas' home to make the cocaine purchase. Lucas told the officer that he was unable to sell him the drugs at that time, but he instructed the officer to return in 30 minutes.

During this 30-minute interim period, two surveillance officers observed defendant, Ray Turner, drive up to Lucas' home, hold a brief conversation with Lucas and give him a bag. Lucas was thereafter observed placing this bag in his pants.

When the officer returned to buy the narcotics, Lucas gave the officer the bag which he had placed in his pants in exchange for money which the officer paid him. The bag contained 60.1 grams of cocaine according to a subsequent chemical analysis.

## I.

[1] Defendant first contends that the trial court erred in admitting into evidence certain statements made by Ernie Lucas. He argues that these statements are hearsay and do not come under any exception which would permit their usage. According to defendant, the State failed to establish a *prima facie* case for conspiracy without the use of the statements; therefore, the exception which permits the use of extrajudicial statements made between co-conspirators in furtherance of the conspiracy is inapplicable.

Generally, an out-of-court statement which is offered to prove the truth of the matter asserted therein is inadmissible because it is hearsay. N.C. Gen. Stat. § 8C-1, Rule 801(c) (1988). *See, generally, Hall v. Coplon*, 85 N.C. App. 505, 355 S.E.2d 195 (1987). Although a statement made during the furtherance of a conspiracy may be hearsay, it is nevertheless admissible under specific circumstances. Our Supreme Court has previously stated that:

> [t]he rule governing the admission of co-conspirators' statements is that once the State has made a *prima facie* showing of the existence of a conspiracy, 'the acts and declarations of each party to it in furtherance of its objectives are admissible against the other members . . . .' Prior to considering the acts or declarations of one co-conspirator as evidence against another, there must be a showing that:

> (1) a conspiracy existed; (2) the acts or declarations were made by a party to it and in pursuance of its objectives; and (3) while it was active, that is, after it was formed and before it ended . . . .

*State v. Polk*, 309 N.C. 559, 564, 308 S.E.2d 296, 298-99 (1983) (citations omitted). The judge, however, may in his discretion admit the statements subject to a later showing of a conspiracy because our courts recognize the "difficulty in proving the formation and activities of the criminal plan and [they] have allowed wide latitude in the order in which pertinent facts are offered in evidence." *State v. Tilley*, 292 N.C. 132, 139, 232 S.E.2d 433, 438-39 (1977).

A conspiracy is an unlawful agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful way or by unlawful means. *State v. Collins*, 81 N.C. App. 346, 350, 344 S.E.2d 310, 313 (1986). It may be shown by circumstantial evidence. *Id.*

In the instant case, the State's evidence tended to demonstrate that on 26 April 1988, an undercover officer asked Ernie Lucas to sell him two ounces of cocaine. Later that evening, Lucas called the officer back to arrange a meeting place and time. On 27 April 1988, the next evening, the undercover officer went to Lucas' home at which time Lucas told him that he did not have the drugs but to return in 30 minutes. Two surveillance officers watched defendant who subsequently arrived at Lucas' home. At that time, defendant spoke with Lucas briefly and gave him a bag. Lucas did not exchange any money with defendant; defendant simply gave Lucas the bag and left. When the undercover officer returned to Lucas' home, Lucas retrieved the same bag which defendant had just given him and he sold it to the officer. The contents of the bag were later determined to be 60.1 grams of cocaine.

Based on the foregoing, we find that this evidence of the officer arriving at Lucas' home to make the purchase, being told to return in 30 minutes, and defendant *giving* Lucas 60.1 grams of cocaine without receiving payment in return is evidence sufficient to make a *prima facie* showing of a conspiracy. Indeed, this testimony alone tends to show that some previous agreement existed regarding defendant's furnishing and delivery of the cocaine to Lucas for him to sell to the officer. Lucas' statements that "[h]e would have to get up with his man [,and that] he could not get up with his man but that he knew that his man had it and it wouldn't be no problem [,and that] his man was running late and he didn't have the stuff at that time" are merely evidence which further support the showing of this conspiracy. The State's burden of proof here was only to procure evidence sufficient to permit, but not compel, the jury to find a conspiracy. *See State v. Bell*, 311 N.C. 131, 316 S.E.2d 611 (1984). This assignment of error is overruled.

II.

[2] The next issue raised by defendant is whether the court erred in denying his motion for nonsuit and for an acquittal on the charge of conspiracy to deliver 28 grams or more of cocaine. In the first part of defendant's argument, he contends that there was a stark

variance between what he was charged with in the indictment and what he was charged with in the court's instructions to the jury. This variance, in defendant's opinion, is prejudicial and "mandates" a new trial. Defendant further contends that the evidence against him is insufficient to support a conviction for conspiracy "with Ernie Lucas to commit the felony of trafficking to deliver to Ernie Lucas 28 or more but less than 200 grams of cocaine[,]" as alleged in the indictment.

At the outset, we note that although defendant now argues that the court's charge to the jury on the conspiracy offense was error, he did not object to that charge at trial. Therefore, in order for defendant to be entitled to a new trial based upon the court's error, if any, such error must rise to the level of plain error. *See State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983).

Our Supreme Court has addressed this type of question in the case of *State v. Tucker*, 317 N.C. 532, 346 S.E.2d 417 (1986). In that case, the defendant was indicted for kidnapping and several other offenses. The kidnapping indictment stated that "the defendant . . . unlawfully, willfully and feloniously . . . kidnap[ped] [the victim], . . . by unlawfully *removing her from one place to another*, without her consent . . . ." *Id.* at 537, 346 S.E.2d at 420. (Emphasis in original.) The trial judge instructed the jurors that "they could find defendant guilty of first degree kidnapping if they found *inter alia*, 'that the defendant *unlawfully restrained* [the victim], that is, restricted [her] freedom of movement by force and threat of force.'" (Emphasis added.) *Id.* In *Tucker*, the Court first noted that defendant had not objected to the instruction at trial. The Court then noted that the State's evidence amply supported the judge's instructions to the jury, though the indictment did not. However, the Court deferred to the "well established rule" that it is prejudicial error for the "'trial judge to permit a jury to convict upon some abstract theory not supported by the bill of indictment.'" *Id.* at 537-38, 346 S.E.2d at 420 (citations omitted).

After careful consideration, we find that the facts of *Tucker* are analogous to those in the case at bar and that its rule of law is applicable here. In our case, defendant was indicted for "conspir[ing] with Ernie Lucas to commit the felony of trafficking to deliver to *Ernie Lucas* 28 grams or more . . . of cocaine." However, the trial court instructed the jury "that . . . the defendant agreed with Ernie Lucas to deliver 28 grams or more of cocaine to another,

and that the defendant,—and that Ernie Lucas intended at the time the agreement was made, that the cocaine would be delivered . . . ." Just as in *Tucker*, we believe that the State's evidence does support the trial court's instruction; however, the indictment does not. Consequently, we must award defendant a new trial on the conspiracy charge. Furthermore, we are not persuaded by the State's argument that there was only a "slight difference" between the indictment and the instruction, and that defendant has waived this objection. As we have previously pointed out, our Supreme Court has concluded that such a "slight difference" is prejudicial and amounts to plain error. *See also Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983).

[3] Turning to the remaining portion of this issue in which defendant asserts that the court erred in denying his motion for nonsuit because the evidence was insufficient as a matter of law, we find this argument to be without merit.

On review of a motion for nonsuit, we must consider the evidence "in the light most favorable to the State, giving it the benefit of all reasonable inferences and resolving all doubts in its favor . . . [and determine] whether the State's evidence was sufficient to overcome the defendant's motions for nonsuit. . . ." *State v. Shufford*, 34 N.C. App. 115, 117, 237 S.E.2d 481, 482, *disc. review denied*, 293 N.C. 592, 239 S.E.2d 265 (1977). When such a motion is made, the trial court must determine:

> whether there is substantial evidence (1) of each essential element of the offense charged, . . . and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied . . . .

> If the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion should be allowed . . . .

> [A]nd all of the evidence actually admitted, whether competent or incompetent, which is favorable to the State is to be considered by the court in ruling on the motion . . . .

> The trial court . . . is concerned only with the sufficiency of the evidence to carry the case to the jury and not with its weight. . . .

STATE v. TURNER

[98 N.C. App. 442 (1990)]

[T]he question for the Court is whether a reasonable inference of defendant's guilt may be drawn from the circumstances. If so, it is for the jury to decide whether the facts, taken singly or in combination, satisfy them beyond a reasonable doubt that the defendant is actually guilty.

*State v. Powell,* 299 N.C. 95, 98-99, 261 S.E.2d 114, 117 (1980).

With regard to this question, we have already concluded that the evidence regarding Ernie Lucas' interaction with the undercover agent and defendant's delivery of the drugs to Ernie Lucas was sufficient to establish a *prima facie* case for conspiracy. We also said that based upon this conclusion, it was not error for the trial court to admit Ernie Lucas' extrajudicial statements regarding "getting up with [his] man. . . ." We find that the cumulative effect of this evidence is that it raises a *"reasonable inference* of the defendant's guilt." *Powell* at 99, 261 S.E.2d at 117 (emphasis in original). Likewise, we find no reason to reverse this conclusion on the basis of the federal case to which defendant has directed our attention. This assignment of error is overruled.

III.

[4] The next issue which we shall discuss is whether the trial court violated defendant's right against double jeopardy by sentencing him separately on the trafficking in cocaine by delivery and trafficking in cocaine by transportation convictions. Defendant argues that the same facts comprise the evidence of both of these offenses; therefore, conviction and sentencing on both is duplicitous by virtue of the "same evidence test."

N.C. Gen. Stat. § 90-95(h)(3) under which defendant was charged, states that a person who "sells, manufactures, delivers, transports *or* possesses 28 grams or more" of cocaine shall be guilty of trafficking in cocaine. (Emphasis added.) The literal language of this statute implies that punishment may be imposed for both trafficking in cocaine by delivery and by transporting it. In fact, our Supreme Court so held in the case of *State v. Diaz,* 317 N.C. 545, 346 S.E.2d 488 (1986), *cert. denied,* 322 N.C. 327, 368 S.E.2d 870 (1988). There the defendant was convicted of several acts of trafficking in marijuana under a statute which is similarly worded. *Id.* at 546, 346 S.E.2d at 490. However, defendant argues to this Court that our decision in *State v. Moore,* 95 N.C. App. 718, 384 S.E.2d 67 (1989),

*disc. review allowed*, 326 N.C. 53, 389 S.E.2d 102 (1990), requires us to vacate one of his sentences.

In *Moore*, the defendant was given separate sentences for both the sale of a controlled substance to another and the delivery of that substance to the same person. There, we stated that " '[a] sale is a *transfer* of property for a specified price payable in money,' " and a delivery under these circumstances means the " 'actual, constructive, or attempted transfer from one person to another of a controlled substance.' " *Id.* at 720-21, 384 S.E.2d at 68. We vacated Moore's sentences and ordered a new sentencing hearing because the two offenses involved the same transaction. *Id.* at 722, 384 S.E.2d at 69.

Here, we find that transporting a controlled substance from one place to another and delivering that substance to another person is quite distinguishable from the sale and delivery with which Moore was charged. Once defendant moved the cocaine from one place to another, he had trafficked in cocaine by transporting it. Turner then added the additional offense of trafficking by delivery when he transferred the narcotics from his person to Lucas. Unlike in *Moore*, where both of the criminal offenses involved the same facts of transferring narcotics to another party, here the offense of trafficking by transporting cocaine only involved defendant. The offense of trafficking by delivery occurred when the transfer to Lucas was made. Consequently, those two charges involved different facts and different persons. On this basis, we find *Moore's* holding inapplicable to the case at bar.

Relying on the statute under which defendant was convicted and on *Diaz*, we conclude that the court did not err in sentencing defendant on the trafficking by transporting and trafficking by delivery convictions.

We have reviewed defendant's final challenge regarding his sentence being cruel and unusual punishment. We find the same to be wholly without merit.

For the reasons stated above, defendant is entitled to a new trial on his conspiracy conviction. The remaining assignments of error are overruled.

New trial.

Judges ARNOLD and JOHNSON concur.