STATE OF NORTH CAROLINA, PLAINTIFF-APPELLEE v. ROBERT DEWITT SMART, DEFENDANT-APPELLANT

No. 8921SC1052

(Filed 7 August 1990)

1. **Homicide § 21.7 (NCI3d); Criminal Law § 60.5 (NCI3d)— murder prosecution — fingerprint — evidence sufficient**

The trial court did not err in a murder prosecution by denying defendant's motion to dismiss for lack of substantial evidence where the evidence presented at trial showed that defendant's fingerprint could have been impressed on the victim's drinking glass in her home only between 11:00 a.m. on 20 July 1987 and 10:00 a.m. on 21 July 1987; the victim was murdered between 8:30 p.m. on 20 July 1987 and midnight

on the same day; the evidence showing that the victim was a meticulous housekeeper tends to eliminate other theories about when the fingerprint was placed on the glass; the victim's automobile, stolen the night of the homicide, was recovered the next day eight miles from the victim's home but less than one thousand feet from defendant's residence; and a watch, identified as belonging to the victim, was found in defendant's automobile.

**Am Jur 2d, Homicide §§ 288, 425, 426, 450.**

2. **Criminal Law § 794 (NCI4th) — murder — acting in concert — instruction — supported by evidence**

The submission of an instruction on acting in concert in a murder prosecution was supported by an unidentified latent fingerprint where the fingerprint was lifted from a lamp shade found in the spare bedroom where the struggle occurred; the police never identified the person to whom the print belonged; and a detective testified that the lamp shade was attached to one of the weapons used to assault and murder the victim, that whoever put the print on the lamp shade was present at the time the crime was committed, and that if he knew the identity of that person he would arrest him or her for the murder.

**Am Jur 2d, Homicide §§ 28, 29, 288.**

3. **Criminal Law § 1148 (NCI4th) — second degree murder — especially heinous, atrocious or cruel — evidence sufficient**

The trial court did not err when sentencing defendant for second degree murder by finding as an aggravating factor that the offense was especially heinous, atrocious or cruel where the evidence showed that the homicide involved a violent struggle in which the victim's scalp was torn away from her skull; her torso, head and face were severely bruised from the blows she received; she lost a tremendous amount of blood; her body and the floor around her body were covered with blood and blood was splattered on the walls of the room; her lungs and trachea were full of blood; the victim was beaten and stabbed so many times that it was not entirely clear whether a blow or a knife wound was the actual cause of death; and there was evidence that the victim was sexually molested. N.C.G.S. § 15A-1340.4(a)(1)f.

Am Jur 2d, Criminal Law §§ 598, 599.

**4. Appeal and Error § 425 (NCI4th)— murder—assignment of error to introduction of evidence—no supporting authorities —abandoned**

An assignment of error to the introduction of evidence in a murder prosecution was not supported by any citation of authorities and was deemed abandoned.

Am Jur 2d, Appeal and Error §§ 693, 700.

APPEAL by defendant from judgment entered 5 May 1989 by *Judge Lester P. Martin* in FORSYTH County Superior Court. Heard in the Court of Appeals 29 May 1990.

Defendant Robert DeWitt Smart was indicted for first degree murder in June 1988. His case came on for hearing in May 1989. Upon trial of the matter, the jury returned a verdict finding defendant guilty of second degree murder. From this judgment and a sentence of fifty years imprisonment, defendant appeals.

The facts pertinent to this case are as follows:

The victim, Brenda Charslina Howse, lived at 1211 Pleasant Street in Winston-Salem, North Carolina. She was last seen alive on the evening of 20 July 1987 at approximately 8:30 p.m. in a store near her home. During the early morning hours of 21 July 1987, a neighbor of the victim observed that her Buick automobile was not in its customary location in her driveway.

At about 10:00 a.m. on 21 July 1987, the victim's son and his wife entered the house on Pleasant Street and found the victim's body on the floor of a spare bedroom. The body was covered with a blanket, and a knife was lodged in the victim's throat. The knife was buried to its hilt in the right side of the victim's neck below and to the rear of her ear. There was a tremendous amount of blood on the victim's face and neck area and around the body. The victim had bled a large amount of blood into her trachea and lungs. The knife wound was believed to be the primary cause of death.

Ms. Howse also suffered multiple blows to her face and head, which produced lacerations of her scalp, much bruising and swelling and may have contributed to her death. There were also bruises about her torso. The victim received five or six superficial stab

wounds on her neck, one on the upper right side of her back and one on the back of her right arm. Ms. Howse received a human bite to her left shoulder before she died.

The victim was wearing a cotton nightshirt pulled up to her mid-chest area at the time her body was discovered. She was nude down to her ankles. She had on socks and tennis shoes. A pair of ladies underpants was found lying on the floor near her. There was evidence she had been sexually molested.

The spare bedroom where the body was found was in mass disarray and showed evidence of an intense struggle. A small table had been broken in half and a lamp also was broken. Three framed photographs were lying under Ms. Howse's body with their glass covers shattered. A plant stand was turned over and had blood-stains on the feet of the stand. There was a shattered glass vase on the floor. One unbroken portion of the vase was filled with blood. There was blood on the walls.

On 22 July 1987, the victim's automobile was located at the Treetops Apartments on the west side of Winston-Salem about eight miles from her residence. The automobile was found about one thousand feet from defendant's residence who was then living in the Bridges Apartments.

According to testimony from the victim's son, Ms. Howse had been a neat and meticulous housekeeper. During the course of the investigation, two glasses were discovered on the counter in the kitchen. Investigators obtained a latent print from one of the glasses on the countertop, and it was positively identified as being the right index finger of defendant. A latent fingerprint was obtained from a lamp shade in the spare bedroom. It did not match the fingerprints of the defendant and was never identified.

During the summer of 1988, an inoperable automobile registered to defendant was towed from the parking lot of the Bridges Apartments. Sometime earlier, two young boys who lived nearby had removed a radio and a watch from the automobile. The watch was recovered and identified as belonging to the victim. No direct evidence was presented showing that the watch had been in the victim's possession or in her home at the time of the homicide. The victim's son, however, had been unable to locate the watch when he inventoried the victim's property after the homicide. Although evidence was presented showing that three months before

the murder the victim's home had been burglarized, the victim had not listed the watch as one of the items stolen.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Ralph B. Strickland, Jr., for the State.*

*David F. Tamer for defendant appellant.*

ARNOLD, Judge.

[1] Defendant's first assignment of error is that the trial court improperly denied his motion to dismiss the charge for lack of substantial evidence. Of course when considering a motion to dismiss, the trial judge must consider the evidence in the light most favorable to the State, and the evidence must be such that a jury could reasonably find the essential elements of the crime charged beyond a reasonable doubt. *State v. Thomas*, 65 N.C. App. 539, 309 S.E.2d 564 (1983). Specifically, defendant argues that the State's case rests on the evidence that defendant's fingerprint was found on a glass left in the victim's kitchen, and that the State failed to provide substantial evidence that the fingerprint could have been impressed only at the time of the crime. *See State v. Bass*, 303 N.C. 267, 278 S.E.2d 209 (1981).

We disagree with defendant's contention here. The evidence presented at trial showed that defendant's fingerprint could have been impressed on the victim's drinking glass in her home only between 11:00 a.m. on 20 July 1987 and 10:00 a.m. on 21 July 1987. The victim was murdered between 8:30 p.m. on 20 July 1987 and midnight of the same day. Furthermore, the evidence presented showing the victim was a meticulous housekeeper tends to eliminate other theories about when the fingerprint was placed on the glass. Had defendant broken into victim's home earlier in the day on 20 July and stopped for a drink before he left, the victim would have noticed the glasses upon her return and either washed the glasses and put them away or, even more likely, told someone of the break-in. Ms. Howse's home had been burglarized only three months earlier and she had promptly reported that break-in and provided police with a list of the items stolen. Had defendant broken into the house after the murder, it is not likely that he would have stopped in the kitchen for a casual drink.

Moreover, other substantial evidence was presented. The victim's automobile, stolen the night of the homicide, was recovered

the next day eight miles from the victim's home, but less than one thousand feet from defendant's residence. And a watch, identified as belonging to the victim, was found in defendant's automobile. We hold the evidence in this case was sufficient to survive the motion to dismiss.

[2] Next, defendant contends no evidence was presented to support the trial court's instruction to the jury on the theory of acting in concert. Defendant argues that such instruction allowed the jury to return a verdict of guilty on a theory unsupported by any evidence presented. Only jury instructions based on a fact or facts presented by a reasonable view of the evidence should be given. *State v. Harrill*, 289 N.C. 186, 221 S.E.2d 325, *death sentence vacated*, 428 U.S. 904, 49 L.Ed. 2d 1211 (1976). To determine whether an instruction should be given, the court must consider whether there is any fact to convict the defendant of the offense. *State v. Moore*, 75 N.C. App. 543, 331 S.E.2d 251, *cert. denied*, 315 N.C. 188, 337 S.E.2d 862 (1985).

To secure a conviction on the theory of acting in concert, the State must show defendant was present at the scene of the crime and that he acted together with another individual who does the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the offense. *State v. Williams*, 299 N.C. 652, 263 S.E.2d 774 (1980). The State's evidence supporting the instruction on acting in concert came from a latent fingerprint lifted from a lamp shade found in the spare bedroom where the struggle occurred. The police never identified the person to whom the print belonged. Detective K. W. Bishop of the Winston-Salem Police Department testified that the lamp shade was attached to one of the weapons used to assault and murder Ms. Howse. Furthermore, Detective Bishop was convinced that whoever put the print on the lamp shade was present at the time the crime was committed, and he stated that if he knew the identity of that person he would arrest him or her for the murder of Brenda Howse. We hold that the evidence of the unidentified latent fingerprint supported the jury instruction concerning the theory of acting in concert.

[3] Next, defendant contends that the trial judge erred in finding as an aggravating factor that the offense was especially heinous, atrocious or cruel pursuant to N.C. Gen. Stat. § 15A-1340.4(a)(1)f (1988). The trial judge relied on this aggravating factor and also the

finding that defendant had a prior conviction pursuant to G.S. § 15A-1340.4(a)(1)o to sentence defendant to a prison term in excess of the presumptive. To find that an offense meets the standard for G.S. § 15A-1340.4(a)(1)f, the facts must show excessive brutality, or physical pain, psychological suffering, or dehumanizing aspects not normally present in that type of offense. *State v. Newton*, 82 N.C. App. 555, 347 S.E.2d 81 (1986), *cert. denied*, 318 N.C. 699, 351 S.E.2d 756 (1987).

Here the evidence showed that the homicide involved a violent struggle in which the victim's scalp was torn away from her skull; her torso, head and face were severely bruised from the blows she received; and she lost a tremendous amount of blood. Her body and the floor around her body were covered with blood, and blood was splattered on the walls of the room. Her lungs and trachea were full of blood. The victim was beaten and stabbed so many times it is not entirely clear whether a blow or the knife wound was the actual cause of death. Multiple injuries such as those found here may demonstrate that a crime was committed in an especially heinous, atrocious or cruel manner. *State v. Blackwelder*, 309 N.C. 410, 306 S.E.2d 783 (1983). There was also evidence that the victim was sexually molested. Clearly, the evidence was sufficient to establish this aggravating factor.

[4]   Finally, defendant asserts that the trial court erred in overruling his objection to the introduction into evidence of the victim's watch. Defendant, however, has completely failed to provide the Court with any citation of authority for his position. Therefore, we deem this assignment of error abandoned. *Byrne v. Bordeaux*, 85 N.C. App. 262, 354 S.E.2d 277 (1987); *S.J. Groves & Sons & Co. v. State*, 50 N.C. App. 1, 273 S.E.2d 465 (1980), *cert. denied*, 302 N.C. 396, 279 S.E.2d 353 (1981).

We hold that defendant received a fair trial, free of prejudicial error.

No error.

Judges PHILLIPS and COZORT concur.