STATE OF NORTH CAROLINA v. VADNEY BRUTON COTTON

No. 9015SC554

(Filed 5 March 1991)

1. **Criminal Law § 73.2 (NCI3d) — sale of cocaine — hearsay — co-conspirator exception**

   The trial court did not err in a prosecution for possession with intent to sell and deliver cocaine and sale and delivery of cocaine by admitting statements from a witness which defendant contended were inadmissible hearsay but the State contended fell within the co-conspirator hearsay exception. The independent evidence presented on voir dire was sufficient to allow a jury to conclude that the witness and defendant came to an agreement to sell cocaine to an SBI agent, and then acted on the agreement. N.C.G.S. § 8C-1, Rule 801(d)(E).

   **Am Jur 2d, Conspiracy § 46.**

   **Comment Note: Necessity and sufficiency of independent evidence of conspiracy to allow admission of extrajudicial statements of co-conspirators. 46 ALR3d 1148.**

2. **Criminal Law § 73.2 (NCI3d) — cocaine — label on substance analyzed by laboratory — defendant identified as suspect — admissible**

   The trial court did not err in a prosecution for possession and sale of cocaine by allowing the SBI agent who analyzed the substance sold to another SBI agent to testify that the package sent to her identified defendant as the suspect. Counsel stipulated chain of custody and the name on the label was admissible to establish that the substance tested was the substance sent to the laboratory. Also, there was no harm in admitting the testimony as evidence of the truth of the matter asserted in that the objected to testimony merely stated that defendant was a suspect in a case involving the substance tested.

   **Am Jur 2d, Drugs, Narcotics, and Poisons § 42; Evidence § 774.**

3. **Indictment and Warrant § 17.3 (NCI3d) — cocaine — variance between indictment and evidence — identity of purchaser**

   The trial court did not err in not dismissing a case for possession and sale of cocaine due to a fatal variance between

the crime charged and the evidence presented where the indictment charged a sale to an SBI agent, Todd, and the evidence showed at most a sale to one Morrow. The State produced substantial evidence that defendant knew that Morrow was acting as a middleman and that the cocaine was actually being sold to Todd.

**Am Jur 2d, Indictments and Informations §§ 261, 262, 264.**

4. **Criminal Law § 794 (NCI4th) — possession and sale of cocaine — instruction on acting in concert — evidence sufficient**

The trial court did not err by instructing the jury that defendant could be convicted of possession with intent to sell and deliver cocaine and sale and delivery of cocaine if it found that defendant had committed both offenses either individually or in concert where there was ample evidence to support acting in concert for the sale and delivery of cocaine and the State not only produced evidence that both defendant and one Morrow were present at the scene of the possession crime, but also produced evidence leading to a reasonable inference that defendant in fact possessed the cocaine. There was also evidence that defendant and Morrow acted together pursuant to a common plan to sell the cocaine.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 40.**

APPEAL by defendant from judgment entered 22 February 1990 in ORANGE County Superior Court by *Judge Dexter Brooks*. Heard in the Court of Appeals 22 January 1991.

Defendant was arrested and charged with possession with intent to sell and deliver cocaine, and sale and delivery of cocaine, both in violation of N.C. Gen. Stat. § 90-95. At trial, the State's evidence tended to show that Marian Angela Todd, an agent with the State Bureau of Investigation, met with Thomas Morrow in a house for about five minutes. The two then left that house and walked to defendant's home. Morrow introduced her to defendant, then he and defendant went into a hallway for a brief time. Morrow then returned and told her to follow them. The three of them then went upstairs into a bedroom. Morrow and defendant then went into an adjoining bathroom, and Todd remained on a couch. Morrow came out of the bathroom and told Todd to give him money because defendant was paranoid. Morrow then went

back into the bathroom and shut the door. He came out a few seconds later and handed her a small plastic bag containing white powder, which was subsequently identified as cocaine. Defendant remained in the bathroom. Morrow and Todd then left. Morrow returned to defendant's house sometime later and asked if he "had anything." He said that he did not, but might have something later on.

Defendant put on no evidence. The jury returned a verdict of guilty on both counts, and defendant was sentenced to ten years in prison. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General James Wallace, Jr., for the State.*

*Glover & Petersen, P.A., by James R. Glover and Ann B. Petersen; and Barry T. Winston, for defendant-appellant.*

WELLS, Judge.

Defendant has not addressed his second assignment in his brief. It is therefore deemed abandoned. N.C. R. App. P., Rule 28. In his remaining assignments, defendant contends that the court erred in admitting certain testimony, in failing to dismiss the charges against him based on a variance between the indictment and the evidence, and in its charge to the jury. We find no error.

[1] In his first assignment of error, defendant contends that the trial court erred in permitting a witness to testify to statements made by Thomas Morrow. The trial court conducted a *voir dire* hearing and concluded that these statements fell within the co-conspirator hearsay exception codified in N.C. Gen. Stat. § 8C-1, Rule 801(d)(E). The excepted-to testimony reads as follows:

Mr. Morrow came out of the bathroom and walked towards me and informed me to give him the money because Mr. Cotton was paranoid. . . .

When attempting to rely on the co-conspirator exception to the hearsay rule, the State's burden is to produce evidence independent of the statements themselves sufficient to permit the jury to find the existence of a conspiracy. *State v. Tilley*, 292 N.C. 132, 232 S.E.2d 433 (1977); *State v. Turner*, 98 N.C. App. 442, 391 S.E.2d 524 (1990). A conspiracy is an unlawful agreement between two or more persons to do an unlawful act or to do a lawful act in

an unlawful way or by unlawful means, and may be shown by circumstantial evidence. *Turner, supra.*

The independent evidence presented on *voir dire* tended to show that Todd approached Morrow to purchase cocaine. They then went to defendant's house, and Morrow and defendant had a discussion while Todd waited in the den. The three of them went upstairs, and Morrow and defendant went into the bathroom while Todd waited on the couch. Morrow then came out of the bathroom, took the money from Todd, went back into the bathroom, and returned with the cocaine. We hold that this evidence is sufficient to allow a jury to conclude that Morrow and defendant came to an agreement to sell cocaine to Todd, and acted on it. The statement was properly admitted.

[2] The agent who analyzed the substance sold to Todd testified that the package sent to her identified defendant as the suspect. Defendant contends that this testimony was hearsay and should not have been admitted. We disagree. As defendant points out, counsel stipulated to the chain of custody of the substance given to Todd from Morrow. This stipulation stated only that "Mr. Austin got possession of whatever that was from Mr. Frick; and then he mailed it off to the SBI laboratory; and then in the due course of events, they mailed it back to them. . . ." There was no stipulation regarding what was actually tested by the agent, and where she got it from. The name on the label was admissible, then, to establish that the substance she had tested and was testifying about was the substance sent to the laboratory by Austin. We also fail to see any possible harm in admitting the testimony as evidence of the truth of the matter asserted. In *State v. Jackson*, 287 N.C. 470, 215 S.E.2d 123 (1975), the trial court admitted a complaint for arrest consisting of a police officer's affidavit stating that defendant had committed an armed robbery and describing the events. The Court reversed the conviction, holding that the affidavit was hearsay which improperly buttressed the testimony of two eyewitnesses. The objected-to evidence here merely states that defendant was the suspect in a case involving the substance tested. This fact—that defendant was the suspect in the case being tried—surely could not have strengthened the State's case.

[3] Defendant next contends that the trial court erred in not dismissing the case due to a fatal variance between the crime charged and the evidence presented. He claims that the evidence shows

at most a sale from defendant to Morrow rather than to Todd as charged in the indictment. "The law is settled in this state that an indictment for the sale and/or delivery of a controlled substance must accurately name the person to whom the defendant allegedly sold or delivered, if that person is known." *State v. Wall*, 96 N.C. App. 45, 384 S.E.2d 581 (1989). (Citations omitted.)

The State can overcome a motion to dismiss based on a variance claim by producing substantial evidence that defendant knew the cocaine was being sold to a third party, and that the person named in the indictment was the third party. *Id.* This guilty knowledge may be shown by circumstantial evidence. *Id.* In this case, the State produced evidence tending to show that Todd accompanied Morrow to defendant's house and was allowed to stay in the house while Morrow and defendant held a discussion. She was brought upstairs with them and waited in the bedroom when they went into the bathroom. Morrow came out and told her to give him the money because defendant was paranoid, went back into the bathroom, and came out with the cocaine. This was substantial evidence that defendant knew that Morrow was acting as a middleman, and that the cocaine was actually being sold to Todd.

[4] Finally, defendant contends that the trial court erred in instructing the jury that he could be convicted of both offenses if they found that he committed them either individually or in concert with Morrow. To determine whether an instruction should be given, the court must consider whether there is any evidence to support a conviction for the offense. *State v. Smart*, 99 N.C. App. 730, 394 S.E.2d 475 (1990). To secure a conviction based on acting in concert, the State must show that defendant was present at the scene of the crime and that he acted together with another individual who does the acts necessary to constitute the crime pursuant to a common plan to commit the offense. *Id.*

There was ample evidence to support the instruction on acting in concert for the sale and delivery of cocaine. Morrow brought Todd to defendant's house, Morrow and defendant engaged in two private discussions, Todd was brought upstairs with them before they engaged in their second discussion, Morrow came out of the bathroom to get the money because defendant was "paranoid," and returned with the drugs.

The acting in concert instruction for the possession with intent to sell and deliver is more troublesome. An acting in concert theory

is not generally applied to possession offenses, as it tends to confuse the issues. *State v. James*, 81 N.C. App. 91, 344 S.E.2d 77 (1986). In *State v. Lovelace*, 272 N.C. 496, 158 S.E.2d 624 (1968), two defendants were convicted of the felonious possession of implements of housebreaking. The State's evidence tended to show that only Dixon was seen in actual possession. Both men were seen at the entrance to a restaurant at 1:45 a.m., however, and there were tool marks around the locks. The Court held that if "the men were acting together in the attempt to use them to force entry into the restaurant, both in law would be equally guilty of the unlawful possession." In this case, the State not only produced evidence that both defendant and Morrow were present at the scene of the possession crime, it also produced evidence leading to a reasonable inference that defendant in fact possessed the cocaine. There was also evidence that defendant and Morrow acted together pursuant to a common plan to sell the cocaine. We hold that on these facts the trial court did not err in instructing on acting in concert for the possession offense. This assignment of error is overruled.

No error.

Chief Judge HEDRICK and Judge ORR concur.