STATE v. SERGAKIS

[223 N.C. App. 510 (2012)]

STATE OF NORTH CAROLINA v. NICHOLAS SERGAKIS

No. COA12-336

(Filed 20 November 2012)

**1. Larceny—felonious—value of stolen goods—evidence sufficient**

The trial court did not err by denying defendant's motion to dismiss a charge of felonious larceny because the evidence was insufficient to show that the goods taken were valued at more than $1,000. The victim's opinion that the stolen laptop was worth at least $600, along with the evidence that $500 was taken from his home, was substantial evidence that the property taken was valued at more than $1,000.

**2. Larceny—instructions—felonious only**

The trial court did not commit plain error by failing to instruct the jury on the lesser charge of misdemeanor larceny where all of the evidence was that the value of the property was more than $1,000.

**3. Conspiracy—disjunctive instructions—offense not charged**

There was plain error where the trial court's disjunctive charge instructed the jury that it could convict defendant of conspiracy by finding that he agreed to commit felony breaking and entering (with which defendant was charged) or that he agreed to commit felony larceny (with which he was not charged). Because the verdict sheet listed the conspiracy charge only as "Felonious Conspiracy," it was impossible to determine the offense the jury found that defendant had committed.

Appeal by Defendant from judgments dated 14 June 2011 by Judge Phyllis M. Gorham in New Hanover County Superior Court. Heard in the Court of Appeals 12 September 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Alexandra M. Hightower, for the State.*

*Rudolph Widenhouse & Fialko, by M. Gordon Widenhouse, Jr., for Defendant.*

STEPHENS, Judge.

*Procedural History*

Following his indictment for breaking and entering, felonious larceny, conspiracy to commit breaking and entering, and giving a false report to a law enforcement officer, Defendant Nicholas Sergakis pled not guilty to the charges and was tried before a jury in New Hanover County Superior Court. The jury returned verdicts finding Defendant guilty on all charges except breaking and entering, on which charge the jury was unable to reach a unanimous verdict and the trial court declared a mistrial. The court sentenced Defendant to active prison terms for the guilty convictions, but suspended the sentences and placed defendant on supervised probation. Defendant appeals.

*Discussion*

Defendant makes four arguments on appeal: (1) that the trial court erred in denying his motion to dismiss the charge of felonious larceny for insufficiency of the evidence; (2) that the trial court committed plain error by failing to instruct the jury on the lesser charge of misdemeanor larceny; that the trial court erred in its jury charge on felony conspiracy by (3) instructing on a theory not charged in the indictment and (4) using the disjunctive to describe the felony Defendant allegedly conspired to commit, thus improperly permitting his conviction by less than a unanimous verdict. Because they are closely related, we address the first two arguments together and find no error. We agree with Defendant's third argument, and accordingly, vacate Defendant's conviction for felony conspiracy and grant him a new trial on that charge. Having vacated Defendant's conspiracy conviction, we do not address Defendant's final argument.

*I. Sufficiency of the Evidence and Jury Instructions re: Felonious Larceny*

[1] Defendant first argues that the trial court erred in denying his motion to dismiss the charge of felonious larceny because the evidence was insufficient to show that the goods taken were valued at more than $1,000. We disagree.

Upon a defendant's motion for dismissal, the reviewing court, taking the evidence in the light most favorable to the State, *State v. Miller*, 363 N.C. 96, 98, 678 S.E.2d 592, 594 (2009), must determine "whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of [the] defendant's being the perpetrator of such offense." *State v. Scott*, 356 N.C. 591, 595, 573 S.E.2d 866, 868 (2002). To establish the

offense of larceny, the State must show that the defendant took and carried away the goods of another with the intent to permanently deprive the owner of the property. *State v. Perry*, 52 N.C. App. 48, 56, 278 S.E.2d 273, 279 (1981), *modified and affirmed*, 305 N.C. 225, 287 S.E.2d 810 (1982). Larceny is felonious if the evidence shows, *inter alia*, that the goods taken were valued at more than $1,000. N.C. Gen. Stat. § 14-72(a) (2011). This Court has held that a "witness's testimony as to his opinion of the 'value' of . . . stolen [property is] sufficient to require submission to the jury of an issue as to [the] defendant's guilt of felonious larceny[.]" *State v. Coleman*, 24 N.C. App. 530, 532, 211 S.E.2d 542, 543 (1975).

Here, the victim testified that $500 in cash and a laptop computer valued at least at $600 were taken from his home. The victim's opinion that the stolen laptop was worth at least $600, along with the evidence that $500 was taken from his home, was substantial evidence that the property taken by Defendant was valued at more than $1,000. Thus, the trial court properly denied Defendant's motion to dismiss, and Defendant's argument is overruled.

**[2]** In a related argument, Defendant contends that the trial court committed plain error by failing to instruct the jury on the lesser charge of misdemeanor larceny because there was no evidence that the value of the property taken was more than $1,000. However, "[t]he necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed." *State v. Collins*, 334 N.C. 54, 58, 431 S.E.2d 188, 191 (1993) (citation and quotation marks omitted). Because all of the evidence showed that the value of the property here was more than $1,000, the trial court was correct in not instructing on the lesser charge. This argument is overruled.

## II. Jury Instructions re: Conspiracy

**[3]** Defendant next argues that the trial court erred in instructing the jury that it could find Defendant guilty of conspiracy if the jurors found beyond a reasonable doubt that Defendant had conspired to commit felony larceny or had conspired to commit felony breaking and entering. Specifically, Defendant contends that this instruction permitted the jury to convict him of a crime not charged in the indictment. We agree.

Because Defendant did not object to the conspiracy instruction at trial, we review the challenged instruction only for plain error, a stan-

dard which requires Defendant to establish he was prejudiced by the alleged error. *See State v. Odom*, 307 N.C. 655, 661, 300 S.E.2d 375, 378 (1983). "In deciding whether a defect in the jury instruction constitutes plain error, the appellate court must examine the entire record and determine if the instructional error had a probable impact on the jury's finding of guilt." *Id.* at 661, 300 S.E.2d at 378-79 (quotation marks omitted).

Our Supreme Court has "consistently held that it is error, generally prejudicial, for the trial judge to permit a jury to convict upon a theory not supported by the bill of indictment." *State v. Brown*, 312 N.C. 237, 248, 321 S.E.2d 856, 863 (1984) (citations omitted); *see also State v. Williams*, 318 N.C. 624, 628, 350 S.E.2d 353, 356 (1986) (holding that "a defendant must be convicted, if convicted at all, of the particular offense charged in the warrant or bill of indictment").

> A criminal conspiracy is an agreement between two or more persons to do an unlawful act or do a lawful act in an unlawful way or by unlawful means. In order for a defendant to be found guilty of a conspiracy, it must be established by competent evidence that the defendant entered into an unlawful confederation *for the criminal purposes alleged.*

*State v. Massey*, 76 N.C. App. 660, 661-62, 334 S.E.2d 71, 72 (emphasis added), *supersedeas allowed*, 314 N.C. 672, 335 S.E.2d 325 (1985); *see also State v. Dalton*, 122 N.C. App. 666, 672, 471 S.E.2d 657, 661 (1996) ("A criminal conspiracy is an agreement between two or more people to commit *a substantive offense.*") (emphasis added). Thus, an indictment for criminal conspiracy must allege the criminal purpose to which a defendant agreed.

Defendant's indictment charged him with conspiracy "to commit the felony of Breaking and Entering a Building With the Intent to Commit a Larceny, [N.C. Gen. Stat. §] 14-54(a)[.]" This Court has held that an indictment alleging that a defendant agreed with another to "feloniously break and enter into a building . . . with the intent to commit a felony therein, to-wit: Larceny" did not "charge [the] defendant with conspiracy to commit larceny." *State v. Fie*, 80 N.C. App. 577, 579, 343 S.E.2d 248, 251 (1986), *rev'd on other grounds*, 320 N.C. 626, 359 S.E.2d 774 (1987). We see no meaningful difference between the language of the indictment in *Fie* and that in Defendant's indictment. Accordingly, Defendant was charged with conspiracy to commit felony breaking or entering; Defendant was *not* charged with conspiracy to commit larceny. However, the trial court instructed the

jury that it could find him guilty of felony conspiracy if the State proved beyond a reasonable doubt that Defendant had agreed with others "to commit felony breaking or entering or felony *larceny*." (Emphasis added).

In *State v. Turner*, we found plain error and awarded a new trial where the

> defendant was indicted for "conspir[ing] with Ernie Lucas to commit the felony of trafficking to deliver *to Ernie Lucas* 28 grams or more . . . of cocaine[,]" [but] "the trial court instructed the jury 'that . . . the defendant agreed with Ernie Lucas to deliver 28 grams or more of cocaine to another, and that the defendant,— and that Ernie Lucas intended at the time the agreement was made, that the cocaine would be delivered . . . ."

98 N.C. App. 442, 447-48, 391 S.E.2d 524, 527 (1990). Although both the indictment and the instruction on the conspiracy charge alleged trafficking to deliver cocaine, the indictment alleged the agreement was with Ernie Lucas to deliver the drugs *to Ernie Lucas*, while the instruction characterized the conspiracy as an agreement with Lucas to deliver drugs *to another*. *Id*. Citing *State v. Tucker*, 317 N.C. 532, 346 S.E.2d 417 (1986), for the "well established rule that it is prejudicial error for the trial judge to permit a jury to convict upon some abstract theory not supported by the bill of indictment[,]" this Court held that, although "the State's evidence does support the trial court's instruction[,] . . . the indictment [against the defendant] does not." *Turner*, 98 N.C. App. at 447, 448, 391 S.E.2d at 527 (quotation marks omitted). Consequently, the defendant was granted a new trial on that charge. *Id*. at 448, 391 S.E.2d at 527. Because the crime of conspiracy is the *agreement* to commit a criminal act, the holding in *Turner* requires that the indictment must allege *with specificity* the criminal act agreed to, and the trial court's jury instructions must closely conform thereto.

Here, the trial court's disjunctive charge instructed the jury that it could convict Defendant on the charge of conspiracy by finding that Defendant agreed to commit felony breaking and entering—a crime with which Defendant was charged—or that he agreed to commit felony larceny—a crime with which he was not charged. We note that the variance here was far greater and more substantive than that found to constitute plain error in *Turner*, where the same felony was alleged and instructed on.

Moreover, because the verdict sheet lists the conspiracy charge only as "Felonious Conspiracy," it is impossible to determine whether the jury found that Defendant committed the charged offense of conspiracy to commit felony breaking and entering, or whether the jury found that he committed the uncharged offense of conspiracy to commit felony larceny. Indeed, the jury was unable to return a unanimous verdict on the felonious breaking and entering charge, but did return a guilty verdict on felony larceny.

We conclude that the trial court erroneously allowed the jury the option of convicting Defendant of a crime not charged in the indictment. Moreover, although Defendant did not object at trial, the erroneous instructions by the trial court amount to plain error. *See Brown*, 312 N.C. at 249, 321 S.E.2d at 863 (holding that plain error exists where a judge's instructions permit the jury "to predicate guilt on theories of the crime which were not charged in the bill of indictment"). Accordingly, Defendant is entitled to a new trial on the charge of conspiracy to commit breaking and entering.

NO ERROR in part; NEW TRIAL in part.

Judges CALABRIA and ELMORE concur.